Tod L. Gamlen, State Bar No. 83458
 tod.gamlen@bakermckenzie.com
**BAKER & McKENZIE LLP**
660 Hansen Way
Palo Alto, CA  94304
Telephone:  +1 650 856 2400
Facsimile:  +1 650 856 9299

Teresa H. Michaud, State Bar No. 296329
 teresa.michaud@bakermckenzie.com
Christina M. Wong, State Bar No. 288171
 christina.wong@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Telephone:  +1 415 576 3022
Facsimile:  +1 415 576 3099

Mark D. Taylor (Admitted *Pro Hac Vice*)
 mark.taylor@bakermckenzie.com
**BAKER & McKENZIE LLP**
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX  75201
Telephone:  +1 214 978 3000
Facsimile:  +1 214 978 3099

Attorneys for Defendants
PEGATRON USA, INC., ASROCK AMERICA,
INC., and FATALITY, INC., d/b/a FATAL1TY,
INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSHUA SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEGATRON USA, INC., a California corporation, ASROCK AMERICA, INC., a California corporation, and FATALITY, INC., d/b/a Fatal1ty, Inc., a Missouri corporation,<br><br>Defendants. | Case No.  3:14-cv-01822-CRB<br><br>**NOTICE OF MOTIONS AND MOTIONS OF DEFENDANTS PEGATRON USA, INC., ASROCK AMERICA, INC., and FATALITY, INC. D/B/A FATAL1TY, INC., TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br>**[Fed. R. Civ. P. 9(b) and 12(b)(6)]**<br><br>Date:        August 22, 2014<br>Time:        10:00 a.m.<br>Courtroom: 6, 17th Floor<br>Before:      The Hon. Charles R. Breyer |

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No.  3:14-cv-01822-CRB
NOTICE OF MOTIONS AND MOTIONS OF DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
6714551-v5\SFODMS

1

## NOTICE OF MOTION

2      NOTICE IS HEREBY GIVEN that on August 22, 2014, at 10:00 a.m., or as soon thereafter

3   as counsel may be heard, before The Honorable Charles R. Breyer, in Courtroom 6, located at

4   450 Golden Gate Avenue, 17th Floor, San Francisco, CA 94102, Defendants Pegatron USA, Inc.

5   ("Pegatron USA"), ASRock America, Inc. ("ASRock America"), and Fatality, Inc., d/b/a Fatal1ty,

6   Inc. ("Fatal1ty" and collectively, "Defendants") will and hereby do move this Court to dismiss each

7   and every of the six claims asserted in the First Amended Complaint (ECF No. 34) ("FAC") filed in

8   this action on July 3, 2014, and to dismiss the FAC in its entirety, with prejudice and without further

9   leave to amend, for failure to plead fraud with particularity, as required by Fed. R. Civ. P. 9(b); and,

10   for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

11   These motions are based upon this notice of motion and the following memorandum of points and

12   authorities, the proposed order submitted herewith, the Request for Judicial Notice being filed

13   herewith (including **EXHIBITS 1** and **2**, attached thereto), and upon such other matters as may be

14   presented to the Court at or before the time of the hearing.

15

## RELIEF REQUESTED

16      By these motions Defendants Pegatron USA, ASRock America, and Fatality request orders

17   pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) to dismiss the FAC and each and every of the six

18   claims asserted in the FAC, with prejudice and without further leave to amend.

19   Dated:  July 17, 2014                         Respectfully submitted,

20                                                 **BAKER & McKENZIE LLP**

21                                                 By:  /s/Tod L. Gamlen
                                                   _____
22                                                     Tod L. Gamlen
                                                   Attorneys for Defendants
23                                                 PEGATRON USA, INC., ASROCK AMERICA, INC.,
                                                   and FATALITY, INC., d/b/a FATAL1TY, INC.

24

25

26

27

28

i

1

## TABLE OF CONTENTS

2

**Page**

3
SUMMARY OF ARGUMENT ................................................................................................ vi

4
I.   BACKGROUND ............................................................................................................. 1

5
     A.   Procedural History .............................................................................................. 1

6
     B.   The Parties .......................................................................................................... 1

7
     C.   The Alleged Advertising Statements At Issue .................................................... 2

8
II.  ARGUMENT .................................................................................................................. 4

9
     A.   Legal Standards for Rule 12(b)(6) and Rule 9(b) Motions ................................ 4

10
     B.   The First, Second and Third Claims Should be Dismissed Under Rules 9(b)

11
          and 12(b)(6) ......................................................................................................... 4

12
          1.   These Claims Should be Dismissed Under Rule 9(b) .............................. 4

13
          2.   These Claims Should be Dismissed under Rule 12(b)(6) Because

14
               California Consumer Protection Statutes Do Not Apply
               Extraterritorially .................................................................................... 7

15
          3.   These Claims Are Based on a Purported Lack of Substantiation And

16
               Should be Dismissed Under Rule 12(b)(6) .............................................. 9

17
               a.   The Statement that "the Killer LAN Boosts Networking

18
                    Performance 5X" ............................................................................. 9

19
               b.   The Statement that the E2200 LAN "Reduces Latency" ............... 10

20
               c.   The Statement that the 15μ Gold Components in the PCIe Slot

21
                    Delivers Triple Performance ......................................................... 11

22
               d.   The Statement "Proven By Experiments" ..................................... 12

23
     C.   The Fourth Claim (Fraudulent Inducement) Should be Dismissed Under

          Rule 9(b) ........................................................................................................... 13

24
     D.   Plaintiff's Fifth Claim, for Breach of Express Warranty, Should Be Dismissed

25
          Under Rule 12(b)(6) .......................................................................................... 13

26
     E.   Plaintiff's Sixth Claim For Unjust Enrichment Should Be Dismissed Under

          Rule 9(b) and Rule 12(b)(6) .............................................................................. 14

27
III. CONCLUSION .............................................................................................................. 15

28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

ii

Case No.  3:14-cv-01822-CRB
NOTICE OF MOTIONS AND MOTIONS OF DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
6714551-v5\SFODMS

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...............................................................................................................4

6

7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...........................................................................................................4, 11

8

*Bronson et al. v. Johnson & Johnson, Inc.*,
    No. C 12-04184, 2013 U.S. Dist. LEXIS 54029 (N.D. Cal. Apr. 16, 2013) ..................4, 9, 12, 14

9

10

*Bronson v. Johnson & Johnson, Inc.*,
    No. C 12-04184, 2013 U.S. Dist. LEXIS 151842 (N.D. Cal. Oct. 22, 2013)
    (Breyer, J.) .................................................................................................................. vii, 4, 9

11

12

*County of Santa Clara v. ASTRA US, Inc.*,
    428 F. Supp. 2d 1029 (N.D. Cal. 2006) .................................................................................6

13

14

*Daghlian v. DeVry Univ., Inc.*,
    461 F. Supp. 2d 1121 (C.D. Cal. 2006) .................................................................................2

15

*Druyan v. Jagger*,
    508 F. Supp. 2d 228 (S.D.N.Y. 2007)....................................................................................2

16

17

*Florey Inst. of Neuroscience & Mental Health v. Kleiner Perkins Caufield & Byers*,
    2014 U.S. Dist. LEXIS 41374 (N.D. Cal. Mar. 26, 2014).........................................................14

18

19

*Fraker v. Bayer* Corp.,
    2009 U.S. Dist. LEXIS 125633 (E.D. Cal. Oct. 2, 2009) ........................................................14

20

21

*Gross v. Symantec Corp.*,
    No. C 12-00154 CRB, 2012 U.S. Dist. LEXIS 107356 (N.D. Cal. 2012)
    (Breyer, J.) ..................................................................................................................... *passim*

22

23

*In re Hitachi TV Optical Block Cases*,
    No. 08cv1746, 2011 U.S. Dist. LEXIS 135 (S.D. Cal. Jan. 3, 2011) ............................................8

24

*Ileto v. Glock Inc.*,
    349 F.3d 1191 (9th Cir. 2003) ...............................................................................................4

25

26

*Jackson v. Marion County*,
    66 F.3d 151 (7th Cir. 1995) ..................................................................................................4

27

*Jones v. ConAgra Foods, Inc.*,
    912 F. Supp. 2d 889 (N.D. Cal. 2012) ...................................................................................14

28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

iii

*Moses v. Innoprise Software,*
 2013 U.S. Dist. LEXIS 105113 (N.D. Cal. July 25, 2013)......................................................4, 6

*Oestreicher v. Alienware Corp.,*
 544 F. Supp. 2d 964 (N.D. Cal. 2008) ...................................................................................14

*Sanders v. Apple, Inc.,*
 672 F. Supp. 2d 978 (N.D. Cal. 2009) ...................................................................................13

*Scheuerman v. Nestlé Healthcare Nutrition,*
 No. 10-3684, 2012 U.S. Dist. LEXIS 99397 (D.N.J. July 16, 2012)......................................9, 12

*Sepehry-Fard v. Dep't Stores Nat'l Bank,*
 2013 U.S. Dist. LEXIS 175320 (N.D. Cal. Dec. 13, 2013) .....................................................14

*Smith v. Ford Motor Co.,*
 462 F. App'x 660 (9th Cir. 2011) .........................................................................................14

*Stanley v. Bayer Healthcare LLC,*
 No. 11cv862-IEG, 2012 U.S. Dist. LEXIS 47895 (C.D. Cal. Apr. 3, 2012)...............................9

*Swartz v. KPMG LLP,*
 476 F.3d 756 (9th Cir. 2007) ..................................................................................................5

*In re Toyota Motor Corp.,*
 785 F. Supp. 2d 883 (C.D. Cal. 2011) ..........................................................................vii, 5, 7

*Vess v. Ciba-Geigy Corp. USA,*
 317 F.3d 1097 (9th Cir. 2003) ........................................................................................4, 5, 13

*Weisbuch v. County of Los Angeles,*
 119 F.3d 778 (9th Cir. 1997) ...................................................................................................4

*Wyler-Summit P'ship v. Turner Broad. Sys., Inc.,*
 135 F.3d 658 (9th Cir. 1998) ...................................................................................................4

**Statutes**

California Consumer Legal Remedies Act,
 CAL. CIV. CODE §§ 1750, *et seq.*...................................................................................... vii, 1

California False Advertising Law,
 CAL. BUS. & PROF. CODE §§ 17500, *et seq.* ...................................................................... vii, 1

California Unfair Competition Law,
 CAL. BUS. & PROF. CODE §§ 17200, *et seq.* ...................................................................... vii, 1

Fed. R. Civ. P. 9(b) .......................................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6)...................................................................................................... *passim*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

iv

Fed. R. Civ. P. 26(c) ..................................................................................................................1

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No.  3:14-cv-01822-CRB
NOTICE OF MOTIONS AND MOTIONS OF DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
6714551-v5\SFODMS

## SUMMARY OF ARGUMENT

Defendants Pegatron USA, Inc. ("Pegatron USA"), ASRock America, Inc. ("ASRock America") and Fatality, Inc. d/b/a Fatal1ty ("Fatal1ty") (collectively, "Defendants") move to dismiss each of the six claims asserted in Plaintiff's First Amended Complaint (ECF No. 34) ("FAC"), and the FAC in its entirety, for failure to plead fraud with particularity under Fed. R. Civ. P. 9(b) and for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).[1]  In their motion to dismiss the original Complaint (ECF No. 29) these Defendants explained numerous defects which required dismissal under Rule 9(b) and/or Rule 12(b)(6).  In the FAC Plaintiff has failed to cure these defects—therefore, if the Court grants the present motion the Court should do so with prejudice and without further leave to amend.

Plaintiff Joshua Smith ("Plaintiff") is a New Hampshire resident who made an online purchase of an ASRock Fatal1ty Z87 Killer Series computer motherboard from non-party retailer, NewEgg.com.  In the FAC Plaintiff, on behalf of himself and the purported class he seeks to represent, is asserting six claims against Defendants Pegatron USA, ASRock America and Fatal1ty under California state law.  Each of these claims is based on the allegations that "Defendants" made four advertising statements on websites and the motherboard's packaging that allegedly persuaded Plaintiff to purchase the motherboard.  Plaintiff does not specifically allege which Defendant, if any, actually manufactured or produced the subject motherboard; does not allege which Defendant, if any, made the advertising statements at issue; does not allege that he actually used the motherboard; and does not allege that it failed to perform to his expectations or the advertisements' claims.  What is more, Plaintiff has not alleged any facts (*e.g.*, studies or actual testing) that the advertisements are, in fact, false.  Instead, Plaintiff claims that Pegatron USA, ASRock America and Fatal1ty cannot substantiate such advertising statements.

---

[1] Defendants reserve the right to file a motion to stay discovery in light of their motion to dismiss and their contention that Plaintiff has not, and cannot, assert viable claims against them.  In light of this Court's July 1, 2014 order (ECF No. 33) granting Defendants' administrative motion to continue the initial case management conference to October 24, 2014, discovery in this action will not commence until after the hearing on the current motion to dismiss.  Should the Court grant this motion to dismiss and should Plaintiff thereafter commence discovery Defendants could well file a motion to stay such discovery until such time as the Court determines that Plaintiff has asserted viable claims.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

vi

Case No.  3:14-cv-01822-CRB
NOTICE OF MOTIONS AND MOTIONS OF DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
6714551-v5\SFODMS

1    Nevertheless, Plaintiff asserts six claims against Defendants on behalf of himself and a

2    purported nationwide class for: (1) violation of the California Consumer Legal Remedies Act, CAL.

3    CIV. CODE §§ 1750, *et seq.*; (2) violation of the California Unfair Competition Law, CAL. BUS. &

4    PROF. CODE §§ 17200, *et seq.*; (3) violation of the California False Advertising Law, CAL. BUS. &

5    PROF. CODE §§ 17500, *et seq.*; (4) fraudulent inducement; (5) breach of express warranties;

6    and, (6) unjust enrichment.

7        Plaintiff's First, Second, Third, Fourth and Sixth claims should be dismissed under Rule 9(b)

8    for failure to plead fraud with particularity.  Each of these claims sound in fraud and, therefore, are

9    subject to the particularity requirements of Rule 9(b).  The FAC fails to identify the "who, what,

10   when, where, and how" that is a prerequisite to maintaining these causes of action against the

11   Defendants—the allegations of the FAC conflate the three Defendants, fails to distinguish among

12   any of them, and fails to identify any act or representation that is attributed to any specific

13   Defendant.  Indeed, the only specific websites identified by Plaintiff are websites of NewEgg.com

14   (Exh. B to FAC) and ASRock, Inc. (Exh. C and D to FAC) both of which are non-parties.  The

15   original Complaint (ECF No. 1) suffered from these same defects; therefore, these claims should be

16   dismissed with prejudice and without any further leave to amend.

17       Plaintiff's claims are also subject to dismissal under Rule 12(b)(6) for several reasons.  *First*,

18   in the First, Second, Third and Fifth Claims Plaintiff seeks to apply California law extraterritorially

19   but fails to allege sufficient facts to support the extraterritorial application of California law.  *In re*

20   *Toyota Motor Corp.*, 785 F. Supp. 2d 883, 919 (C.D. Cal. 2011); *Gross v. Symantec Corp.*,

21   No. C 12-00154 CRB, 2012 U.S. Dist. LEXIS 107356, at *23 (N.D. Cal. 2012) (Breyer, J.).

22       *Second*, a review of the First, Second, Third and Fifth Claims demonstrates that Plaintiff is

23   basing his claims on the grounds that Defendants cannot substantiate the four advertising statements

24   on which the claims are based.  However, a private plaintiff cannot rely on a "lack of substantiation"

25   theory to contend that an advertising statement is false or misleading; such a theory may only be

26   brought in California by prosecuting authorities.  *Bronson v. Johnson & Johnson, Inc.*, No. C 12-

27   04184, 2013 U.S. Dist. LEXIS 151842, at *10 (N.D. Cal. Oct. 22, 2013) (Breyer, J.)  While the FAC

28   identifies four advertising statements purportedly made by "Defendants," Plaintiff merely claims that

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

1   such statements "cannot be true."  Moreover, Plaintiff bases his contentions on interpretations of the

2   advertisements, which interpretations add words and inferences that do not exist, in order to support

3   the contention that such statements "cannot be true."  Because none of these claims are sufficient to

4   allege a cause of action for which relief can be granted, they should be dismissed.

5       *Finally*, the Sixth Claim, for unjust enrichment, is subject to dismissal under Rule 12(b)(6)

6   because there exists no independent cause of action for unjust enrichment in California unless the

7   claims is based on theories of fraud or quasi-contract.  As set forth above Plaintiff has failed to plead

8   a fraud basis with the particularity required under Rule 9(b).  And, a quasi-contract theory does not

9   lie here because Plaintiff admits that he purchased the motherboard at issue from non-party online

10  retailer NewEgg.com, and not from any of the Defendants; as such, Plaintiff has not alleged that

11  Pegatron USA, ASRock America or Fatal1ty have received any benefit from Plaintiff that unjustly

12  enriched them.

13      For these reasons, the FAC, and each of its claims, should be dismissed, with prejudice and

14  without further leave to amend.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

viii

Case No.  3:14-cv-01822-CRB
NOTICE OF MOTIONS AND MOTIONS OF DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
6714551-v5\SFODMS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   BACKGROUND

**A.   Procedural History**

On April 21, 2014, Plaintiff filed his original Complaint.  ECF No. 1.  In that Complaint Plaintiff alleged five claims based on (1) violations of the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"); (2) violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"); (3) violations of the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* ("FAL"); (4) fraudulent inducement; and, (5) breach of contract.  All of these claims were based on the same four alleged advertising statements that form the basis of the FAC which is the subject of this motion.  On June 12, 2014, Defendants filed a motion to dismiss and motion to stay discovery under Rules 9(b), 12(b)(6), and 26(c).  ECF No. 29. Those motions were based on several grounds, most of which are being asserted again in this motion.  Plaintiff did not oppose that initial motion to dismiss; rather, on June 26, 2014, Plaintiff filed a Statement of Non-Opposition to Defendants' Motion to Dismiss and Notice of Intent to File First Amended Complaint.  ECF No. 31.

On July 3, 2014 Plaintiff filed the FAC against Pegatron USA, ASRock America and Fatal1ty.  ECF No. 34.  In the FAC, as in the original Complaint, Plaintiff seeks to represent a nationwide class of all persons who purchased the ASRock Fatal1ty Z87 Killer, 990FX Killer, B85 Killer, or FM2A88X+ Killer motherboards.  FAC, ¶ 56.  Such line of motherboards are referred to in the FAC as the "ASRock Fatal1ty motherboards".  FAC ¶¶ 1, 17.

**B.   The Parties**

Plaintiff is a New Hampshire resident.  FAC ¶ 5.  In or around January 2014, he purchased an ASRock Fatal1ty Z87 Killer Series motherboard on the internet from retailer NewEgg.com.  FAC ¶ 49.  NewEgg.com is not a party to this action.

Plaintiff alleges that Pegatron USA is a California company with its principal place of business in Fremont, California.  FAC ¶ 6.  Plaintiff alleges that ASRock America, which is referred to as "ASRock" in the FAC (see FAC, page 2, lines 2-3), is a California company with its principal place of business in Chino, California.  FAC ¶ 7.  Plaintiff further alleges that both Pegatron USA

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

1

Case No.  3:14-cv-01822-CRB
NOTICE OF MOTIONS AND MOTIONS OF DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
6714551-v5\SFODMS

and ASRock America are subsidiaries of non-party Pegatron Corporation (a Taiwanese corporation).[2]  FAC ¶¶ 6, 7, 13.  Plaintiff alleges Defendant Fatal1ty is a Missouri company with its principal place of business in Las Vegas, Nevada.  FAC ¶ 8.

Neither in the original Complaint nor in the FAC does Plaintiff allege which specific Defendant, if any, actually produces or sells the ASRock Fatal1ty motherboards.  Rather , he alleges at ¶ 17 that all three Defendants "…worked in concert to develop the ASRock Fatal1ty motherboards, and to advertise, market, package and release those motherboards under the 'ASRock Fatal1ty' name…".

And, Plaintiff makes inconsistent allegations which, among other things, attribute the business of ASRock, Inc., a Taiwanese corporation and a non-party, to Defendants.  For example, in ¶ 12, Plaintiff attributes the business conducted by ASRock America to statements found"[o]n its website"; in the FAC Plaintiff identifies the URL of the "ASRock" website as "www.asrock.com," and he even attaches select screenshots of the alleged "website" as Exhibits C and D to the FAC.  *Id.*, ¶¶ 18, 26, 27 (fn. 13 and 14).  As is evident from **EXHIBIT 1** to Defendants' Request for Judicial Notice ("RJN"),[3] the www.asrock.com website relied on by Plaintiff as describing "ASRock" is that of *ASRock, Inc.* (the Taiwanese Corporation).  *See also*, fn. 2, *supra.*  That is, it is ASRock, Inc., not ASRock America, that "…was established in 2002…"; which "…explores the limit of motherboards [sic] manufacturing…"; and has become "…world [sic] third largest motherboard brand with headquarter [sic] in Taipei, Taiwan…".  *See* FAC, ¶ 12.

## C.   The Alleged Advertising Statements At Issue

Plaintiff contends that "*Defendants*" made four (4) advertising statements about the ASRock Fatal1ty motherboards on "*their*" websites and/or on the motherboard's physical packaging that "cannot be true."  FAC ¶ 19 (emphasis added).  That is:

---

[2] In the original Complaint (ECF No. 1) at fn. 1 Plaintiff alleges that ASRock America is the subsidiary of ASRock, Inc., a non-party and a Taiwanese corporation.
[3] This Court may take judicial notice of a website in a motion to dismiss.  *Daghlian v. DeVry Univ., Inc.*, 461 F. Supp. 2d 1121 (C.D. Cal. 2006).  Because Plaintiff has referred to, and attached excerpts of, the website www.asrock.com to his FAC, this Court may take judicial notice of the entire website, and is not limited to Plaintiff's choice (and misleading) screen shots.  *Druyan v. Jagger*, 508 F. Supp. 2d 228, 234-36 (S.D.N.Y. 2007).  Accordingly, Defendants have filed simultaneously herewith a Request for Judicial Notice in which they request the Court take judicial notice of certain pages of the "www.asrock.com" website.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

2

Case No.  3:14-cv-01822-CRB
NOTICE OF MOTIONS AND MOTIONS OF DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
6714551-v5\SFODMS

1         (1)     Plaintiff alleges that "Defendants'" website and product packaging state that a certain

2 component of the motherboard, the "Killer LAN", "improves Networking Performance 5X".[4]

3         (2)     "Defendants'" website and product packaging state that the same "Killer LAN" will

4 lower latency *up to* certain percentages for certain online video games;

5         (3)     "Defendants'" website and product packaging state that the motherboard uses 15μ

6 gold components in another component, the VGA PCIe slot, "for delivering triple performance than

7 usual"; and

8         (4)     Plaintiff alleges that the product packaging states that the statements referred to above

9 are "proven by experiments."[5]  FAC. ¶¶ 17, 28, 35, 44.

10         Plaintiff does not allege which "Defendant's" website contains the alleged advertising

11 statements.  Indeed, the only websites he specifically identifies are those of non-parties:  (i) the

12 website of NewEgg.com (Exh. B to FAC); and (ii) the website of ASRock, Inc. (see discussion

13 above; Exh. C and D to FAC; and, the RJN, Exh. 1).  Plaintiff also does not allege that he used the

14 ASRock Fatal1ty motherboard he allegedly purchased; or, that the motherboard he allegedly

15 purchased failed to perform for Plaintiff in accordance with his expectations or the statements he

16 saw.  Plaintiff alleges only that after seeing identical representations to those alleged in the FAC, he

17 purchased the motherboard.  FAC. ¶¶ 50, 51.  Moreover, Plaintiff does not allege that he (or

18 someone acting on his behalf) conducted any tests of the motherboard to determine that

19 "Defendants'" statements are false.  Instead, Plaintiff merely alleges that the motherboard was "not

20 capable of performing as advertised."  FAC ¶ 53.

21         In the FAC Plaintiff asserts six claims on behalf of himself and a purported nationwide class,

22 that is:  (1) violations of the CLRA; (2) violations of the UCL; (3) violations of the FAL;

23 (4) fraudulent inducement; (5) breach of express warranties; and (6) unjust enrichment.

24

---

25 [4] A review of the actual product packaging ( FAC, Exh. A at pg. 3 of 3) and NewEgg and ASRock, Inc. websites (*Id*., Exh. B at pg. 5 of 19 and Exh. C at pg. 4 of 16) demonstrate that the statement

26 actually reads "... boosts networking performance *up to* 5X for time sensitive UDP…applications…" and that "…test results may vary depending on the setup, internet environment and time…".

27 [5] A review of the actual product packaging (FAC, Exh. A at pg. 1 of 3) demonstrates that the "proven by experiment" statement only refers to the statements relating to the Killer LAN "boosting

28 network performance 5X" and "reducing latency" and does not refer to the advertising statement that the 15 μ gold component delivers "triple performance".

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No.  3:14-cv-01822-CRB
NOTICE OF MOTIONS AND MOTIONS OF DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
6714551-v5\SFODMS

## II.   ARGUMENT

### A.   Legal Standards for Rule 12(b)(6) and Rule 9(b) Motions

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  A complaint should be dismissed when it fails to state a claim upon which relief can be granted.  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  *See also Bronson v. Johnson & Johnson, Inc.*, No. C 12-04184, 2013 U.S. Dist. LEXIS 151842, at *5-6 (N.D. Cal. Oct. 21, 2013) (Breyer, J.) ("*Bronson II*").  While the court accepts as true all well-pleaded allegations of material fact, *Wyler-Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998), the Court is not required to accept as true allegations which:  (i) are legal conclusions, even if cast in the form of factual allegations (*Iqbal*, 556 U.S. at 681), or (ii) are inconsistent with specifically alleged facts (*Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n. 1 (9th Cir. 1997); *see also Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995)).

Under Rule 9(b) a plaintiff must plead with particularity the circumstances constituting any claim that "sounds in fraud." Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) *Gross v. Symantec Corp.*, No. C 12-00154 CRB, 2012 U.S. Dist. LEXIS 107356, at *7 (N.D. Cal. 2012) (Breyer, J.) (citing *Vess, supra*, 317 F.3d at 1103-04.)); *See also*, *Bronson II* at *6-7.  A plaintiff must state "the time and place of the fraud, the statements made and by whom, an explanation of why or how such statements were false or misleading, and the role of each defendant in the alleged fraud." *Id.  See also Bronson et al. v. Johnson & Johnson, Inc.*, No. C 12-04184, 2013 U.S. Dist. LEXIS 54029, at *6-7 (N.D. Cal. Apr. 16, 2013) ("*Bronson I*"). A plaintiff must meet this burden at the pleading stage. *Moses v. Innoprise Software*, 2013 U.S. Dist. LEXIS 105113 *9 (N.D. Cal. July 25, 2013).

### B.   The First, Second and Third Claims Should Be Dismissed Under Rules 9(b) and 12(b)(6)

#### 1.   These Claims Should be Dismissed Under Rule 9(b)

Plaintiff's claims under the CLRA, UCL and FAL all sound in fraud and must be supported

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

4

Case No.  3:14-cv-01822-CRB
NOTICE OF MOTIONS AND MOTIONS OF DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
6714551-v5\SFODMS

by facts of "the who, what, when, where, and how" surrounding the alleged misconduct.  Fed. R. Civ. P. 9(b); *Vess*, 317 F.3d at 1106 (dismissing CLRA claims); *see also Gross*, 2012 U.S. Dist. LEXIS 107356, at *7.  Plaintiff has not satisfied these requirements.

Plaintiff fails to allege the "who" of his fraud claims because he does not state which, if any, of the three Defendants made any of the allegedly false or misleading advertising statements.  When suing more than one defendant, "[a] plaintiff must differentiate their allegations…and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Gross*, 2012 U.S. Dist. LEXIS 107356, at *83 (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)).  Although each of the Defendants—Pegatron USA, ASRock America and Fatality—are separate and independent entities, Plaintiff refers to them collectively as "Defendants" when describing the alleged misconduct throughout the FAC.  In the FAC Plaintiff consistently and repeatedly conflates Pegatron USA, ASRock America and Fatal1ty without differentiating "who" did "what."  The following are examples:

- Defendants make… (FAC ¶ 19)
- Defendants claim… (*Id.* ¶ 20)
- Defendants published…(*Id.* ¶ 20)
- Defendants' claim…(*Id.* ¶ 23)
- Defendants made…(*Id.* ¶ 26)
- Defendants have since … (*Id.* ¶ 27)
- Defendants' website… (*Id.* ¶ 27)
- Defendants' assertion…(*Id.* ¶ 28)
- Defendants' statements…(*Id.* ¶ 28)
- Defendants represented… (*Id.* ¶ 30)
- Defendants' rationale… (*Id.* ¶ 32)
- Defendants promised… (*Id.* ¶ 33)
- Defendants represent… (*Id.* ¶ 35)
- Defendants manufacture… (*Id.* ¶ 36)
- Defendants integrated… (*Id.* ¶ 37)
- Defendants state… (*Id.* ¶ 40)
- Defendants' claim… (*Id.* ¶ 41)
- Defendants promised… (*Id.* ¶ 42)
- Defendants withdrew…(*Id.* ¶ 43)
- Defendants claim… (*Id.* ¶ 44)
- Defendants' representations…(*Id.* ¶ 44)
- Defendants' claims… (*Id.* ¶ 45)
- Defendants did not modify… (*Id.* ¶ 45)
- Defendants' claims…(*Id.* ¶ 47)
- Defendants invented…(*Id.* ¶ 48)
- Defendants inserted … (*Id.* ¶ 48)
- Defendants' representations… (*Id.* ¶ 50)
- Defendants' statement… (*Id.* ¶ 51)
- Defendants' misrepresentations… (*Id.* ¶ 55)
- Defendants' records… (*Id.* ¶ 57)
- Defendants intentionally… (*Id.* ¶ 58(a)-(c))
- Defendants' conduct… (*Id.* ¶ 58(d)-(j))

Rather than identifying "who" did "what" Plaintiff instead makes the conclusory allegation that "[a]ll three Defendants… worked in concert." FAC ¶ 17.  This does not satisfy the heightened pleading requirements of Rule 9(b).  A plaintiff may not "simply lump together multiple defendants without specifying the role of each defendant in the fraud." *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 919 (C.D. Cal. 2011) (hereinafter *Toyota*).  Moreover, Plaintiff does not allege any facts to

5

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No.  3:14-cv-01822-CRB
NOTICE OF MOTIONS AND MOTIONS OF DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
6714551-v5\SFODMS

support the claim that Defendants acted in "concert."

In an apparent attempt to mask this deficiency, Plaintiff qualifies his allegations with a footnote stating he intends to amend the allegations as to which Defendants were responsible for the representations as necessary after discovery. FAC ¶ 17, fn. 4.  Reserving identification pending discovery does not satisfy the requirements of Rule 9(b).  *Moses,* 2013 U.S. Dist. LEXIS 105113 at *9.  In fact, this Court held that a plaintiff's allegation that "the who said what and when…will have to wait for discovery" did not satisfy Rule 9(b)'s requirements.  *Id.*  Rather, the "who, what, when, where, and how" are required at the *pleading* stage.  *Id.*

In addition, although Plaintiff claims allegedly false or misleading statements appeared on "Defendants' ASRock Fatal1ty motherboard websites," he never specifies which Defendant's website contained what statements.  *See* FAC ¶ 18.  Plaintiff cites to the www.asrock.com website, (FAC at ¶ 18) which states that it is owned and operated by ASRock, Inc., which is a Taiwan company that is not a party to this action.[6]  Indeed, Exhibit B to the FAC, which is a website page containing the purported advertising statements, is the website of NewEgg.com, which is not a defendant.  Similarly, Plaintiff does not allege whether Pegatron USA, ASRock America or Fatal1ty wrote, printed or was otherwise responsible for the statements that appear on the motherboards' packaging.

In the FAC introductory paragraph (page 2, lines 1-7), Plaintiff states that the facts alleged stem from his "information and belief."  However, this conclusory allegation does not save Plaintiff's fraud allegations because allegations of fraud made upon "information and belief" must state "the factual basis for the belief."  *County of Santa Clara v. ASTRA US, Inc.*, 428 F. Supp. 2d 1029, 1036-37 (N.D. Cal. 2006).  Plaintiff offers no specific facts on which his "information and belief" is based other than the conclusory assertion of an "investigation conducted by his attorneys." Yet, even a cursory investigation would reveal that the www.asrock.com website on which Plaintiff so heavily relies is not even owned by any of the Defendants.

Likewise, Plaintiff fails to state the "how" of his claim because he fails to allege in what way

---

[6] Defendants' Request for Judicial ("RJN") filed simultaneously herewith requesting that the Court take judicial notice of the website, www.asrock.com, which clearly indicates it belongs to ASRock, Inc., a non-party to this action.  *See* RJN, **EXH 1**.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

the statements are actually false and instead makes only lack of substantiation claims that fail to state a cause of action for which relief can be granted as explained in detail below.

### 2.    These Claims Should be Dismissed under Rule 12(b)(6) Because California Consumer Protection Statutes Do Not Apply Extraterritorially

Plaintiff's CLRA, UCL and FAL claims must be dismissed under Rule 12(b)(6) because he has not alleged sufficient facts to justify the extraterritorial application California's laws.

Plaintiff is a citizen of New Hampshire (FAC, ¶ 5) and allegedly purchased his ASRock Fatal1ty motherboard on-line from the online retailer NewEgg.com, a non-party (*Id.*, ¶ 49).  Non-California plaintiffs may only enjoy the protections of California consumer statutes if they were harmed in California or if defendant's conduct is sufficiently connected to California to justify the extraterritorial application of California laws.  *Gross*, 2012 U.S. Dist. LEXIS 107356 at *23.  In determining whether a defendant's conduct is sufficiently connected to California, courts consider: "where the defendant does business, whether the defendant's principal offices are located in California, where class members are located, and the location from which advertising and other promotional literature decisions were made."  *Toyota*, 785 F. Supp. 2d at 917.

In *Toyota*, non-resident plaintiffs sought CLRA, UCL and FAL class claims against Toyota for marketing cars with potentially faulty acceleration technology as "safe."  *Id.* at 899.  The plaintiffs attempted to connect the action to California in their complaint by alleging: (1) plaintiffs "relied on marketing, brochures, and advertising that started in California," (2) that "much of the conduct [underlying the complaint] emanated from Toyota's headquarters in Torrance, California," and (3) Toyota's "decision to . . . engage in deceptive marketing was made, in part, in California."  *Id.* at 899, 916-917.  The court held these allegations insufficient to show Toyota "developed, designed or disseminated" the allegedly misleading advertisements in California, and did not justify the invocation of California law.  *Id.* at 916-917.  As such, the court dismissed all of plaintiffs' California consumer protection claims.  *Id.* at 917.

Similarly, in *Gross*, this Court declined to apply California law to a foreign plaintiff when the plaintiff failed to provide actual evidence of defendant's alleged misconduct to California.  *Gross*, 2012 U.S. Dist. LEXIS 107356 at *26.  *Toyota* and *Gross* are instructive here.  *First*, like the foreign

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

plaintiffs in those cases, Plaintiff here is not a California resident.  *See* FAC ¶ 5.  *Second*, Plaintiff did not purchase the motherboard in California -- rather he admits he purchased the product on the internet from non-party, NewEgg.com.  *See* FAC ¶ 49.  Plaintiff also does not allege that he saw or read any allegedly false or misleading statements in California.

The FAC contains 5 allegations that discuss Defendants' alleged ties to California:

1. Defendant Pegatron USA, Inc. is a corporation incorporated in and existing under the laws of the State of California with its principal place of business [in California]… Pegatron USA does business throughout the United States and the State of California."  FAC ¶ 6.

2. "Defendant ASRock America, Inc., is a corporation incorporated in and existing under the laws of California with its principal place of business located [in California]… ASRock's Marketing Department operates exclusively out of ASRock's California location…. ASRock does business throughout the United States and the State of California."  FAC ¶ 7.

3. "Defendant Fatality, Inc., d/b/a Fatal1ty, Inc.,… does business throughout the United States and the State of California."  FAC ¶ 8.

4. "Defendants conduct business in California and… the events giving rise to this lawsuit occurred, in substantial part, in California."  FAC ¶ 10.

5. "All marketing and advertisements… were developed by Defendants and emanated from California, either from ASRock's Sales and Marketing Department, Pegatron USA's offices, or from Auravision at Defendants' direction."  FAC ¶ 18.

Plaintiff's allegations in ¶¶ 6, 7, 8 and 10 that Defendants Pegatron USA, ASRock America and Fatal1ty are domiciled and/or do business in California are insufficient because a defendant's domicile is "not enough to create an inference that the unlawful conduct emanated from that location."  *Gross*, 2012 U.S. Dist. LEXIS 107356, at *26; *see also In re Hitachi TV Optical Block Cases*, No. 08cv1746, 2011 U.S. Dist. LEXIS 135 (S.D. Cal. Jan. 3, 2011) at *24-25 (declining to apply California law to nationwide consumer class claims when defendant left marketing to third-party retailers because "any representations about the quality of the products would have originated with the individual retailers, not [Hitachi's employees] in California.").

Plaintiff's allegations in ¶ 18 regarding California also fail because he does not specifically allege which Defendant or which office or operation was responsible for the allegedly misleading advertising statements; rather Plaintiff conclusorily, alleges that the advertisements were "developed by Defendants" and then speculates that they emanated "either from" one of three locations:

8

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No.  3:14-cv-01822-CRB
NOTICE OF MOTIONS AND MOTIONS OF DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
6714551-v5\SFODMS

"ASRock's" sales and marketing department, Pegatron USA's offices, or non-party Auravision. FAC ¶ 18.  Plaintiff alleges that "ASRock" has a sales and marketing department in California, but does not allege which, if any, advertisements or marketing decisions regarding the ASRock Fatal1ty motherboards occurred in that department or as part of those operations.  Plaintiff does not describe the nature of Pegatron USA's business or operations in California at all.  Indeed, Plaintiff's own allegations regarding the www.asrock.com website, along with **EXHIBIT 1** to the RJN, demonstrate that the website advertising statements did not emanate from any of the Defendants.

### 3.  These Claims Are Based on a Purported Lack of Substantiation And Should be Dismissed Under Rule 12(b)(6)

California does not recognize private consumer claims under the CLRA, UCL or FAL when such claims are based on lack of substantiation. *Stanley v. Bayer Healthcare LLC*, No. 11cv862-IEG, 2012 U.S. Dist. LEXIS 47895 (C.D. Cal. Apr. 3, 2012) (finding that under California law, only prosecuting authorities--not private individuals--can bring an action under these laws based on lack of substantiation); *see also Scheuerman v. Nestlé Healthcare Nutrition*, No. 10-3684, 2012 U.S. Dist. LEXIS 99397 (D.N.J. July 16, 2012).  An alleged lack of substantiation does not render an advertisement or representation false or misleading under the California consumer laws. *Stanley*, 2012 U.S. Dist. LEXIS 47895, at *12; *see also Scheuerman*, 2012 U.S. Dist. LEXIS 99397, at *24. Instead, a private plaintiff must allege facts, such as studies, showing that an advertisement is false. *Bronson II*, 2013 U.S. Dist. LEXIS 151842, at *10 (emphasis added); *see also Bronson I*, 2013 U.S. Dist. LEXIS 54029, at *23.  Courts examine the complaint as a whole to determine if a plaintiff has merely alleged a lack of substantiation claim. *Scheuerman*, 2012 U.S. Dist. LEXIS 99397, at *23.

As set forth below, looking at the allegations as a whole as to each of the four advertising statements demonstrates that Plaintiff is merely alleging that "Defendants" cannot substantiate the alleged advertising statements; as such, Plaintiff does not state a cognizable cause of action and the claims should be dismissed.

### a.  The Statement that "the Killer LAN Boosts Networking Performance 5X"

In the FAC at ¶¶ 20-27, Plaintiff cobbles together a patchwork of assertions in the hope of

9

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No.  3:14-cv-01822-CRB
NOTICE OF MOTIONS AND MOTIONS OF DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
6714551-v5\SFODMS

1   creating an inference of falsity.  However, in doing so Plaintiff is relying on false premises and

2   flawed logic.  Plaintiff alleges that the *maximum* throughput of the Killer LAN hardware used in the

3   ASRock Fatal1ty motherboards is 1 gigabyte ("GB") per second.  From this sole allegation, he

4   concludes that for the "5X" performance statement to be true, the LAN would require a throughput

5   of five times the *maximum* (*i.e.*, 5 GBs per second).  *See* FAC ¶ 23.  However, this assertion carries

6   no weight because the statement does not advertise 5X the *maximum*.  Moreover, Plaintiff does not

7   allege that other LAN hardware on the market (*i.e.*, <u>non</u>-Killer LAN hardware) operate at the 1 GB

8   per second *maximum*.  Nor does Plaintiff claim that it would be impossible for the Killer LAN to

9   have an increase in performance over competing non-Killer LANs and still be within the alleged

10  1 GB per second maximum.  Thus, even accepting Plaintiff's allegation that the Killer LAN is

11  limited to a maximum of 1 GB per second, it is possible that such 1 GB per second performance is

12  five times faster than a competing non-Killer LAN that operates at a slower speed.[7]

13      In the FAC at ¶¶ 21-24, Plaintiff further argues that because Qualcomm, the company that

14  designed the Killer LAN hardware, as well as another motherboard manufacturer using such LAN,

15  do not advertise that the E2200 Killer LAN provides five times the performance, the advertisement

16  by Defendants to such effect must not be true.  Despite the fact that Plaintiff misrepresents

17  Qualcomm's website,[8] whether and to what extent Qualcomm or other motherboard manufacturers

18  advertise the Killer LAN has no bearing on whether the alleged statements of "Defendants" are false

19  or misleading.  That is, the absence of such statements on non-party websites does not demonstrate

20  the alleged statements at issue here are false.

21          **b.      The Statement that the E2200 LAN "Reduces Latency"**

22      As a preliminary matter, Plaintiff incorrectly assumes that the statement regarding reduced

23

24  [7]  To illustrate how Plaintiff's logic fails, consider the following hypothetical.  If a non-Killer LAN
    operates at 150 megabytes per second, a five times increase in speed would be 750 megabytes per

25  second (150×5=750) which is still under the 1 GB per second *maximum* alleged by Plaintiff.
    [8]  Plaintiff's allegation that that Qualcomm does not "make similar claims about the product" is not

26  true.  While Plaintiff cites to a portion of the Qualcomm's website to support that allegation (FAC,
    ¶ 24, fn. 10), another page from that same website (at the URL

27  http://www.qca.qualcomm.com/products/killer-technology/) states that the "Killer[TM]…wired
    networking products are designed for blazing fast performance, ***up to five times the speed of the***

28  ***competition.***"  In their RJN, Defendants are requesting that the Court take judicial notice of this
    other page from the Qualcomm website.  *See* RJN, **EXH 2**.

                                                    10

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

6714551-v5\SFODMS

Case No.  3:14-cv-01822-CRB
NOTICE OF MOTIONS AND MOTIONS OF DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

latency is absolute; however, his own FAC demonstrates that the statement is qualified, and states latency could be lowered *up to* the stated percentages. *See* FAC ¶ 28, Figures 3 and 4. In the FAC at ¶¶ 28-34, Plaintiff again fails to cite any facts (such as studies or actual testing) which prove that the alleged statement regarding reduced latency is false. Rather, Plaintiff claims that the statement *cannot* be true based on an assertion that is nowhere to be found in the advertising claim itself -- that is, that the E2200 LAN reduces latency by an absolute number of milliseconds, rather than by a *percentage*. Plaintiff's contention is based on the incorrect interpretation that for the ASRock Fatal1ty motherboard to lower latency 136% it must lower latency by 136 milliseconds. This interpretation fails to recognize that percentages are relative, not absolute. For example, if the latency (that is delay) in a non-Killer E200 LAN is 100 milliseconds and in the Killer E2200 LAN that latency is 40 milliseconds, the latency has been reduced by 150% (*i.e.*, 100-40=60; 60÷40 =1.5 or 150%), although the Killer E2200 LAN still has a latency greater than "0."

### c. The Statement that the 15μ Gold Components in the PCIe Slot Delivers Triple Performance

Plaintiff alleges this statement "cannot be true" by engaging in two assumptions that are nowhere to be found in the statement itself. That is, Plaintiff assumes:

(i)     That the term "performance" means speed or "graphics fidelity", as opposed to some other metric of performance such as useful life or product longevity (that is, the component performs three times longer); and,

(ii)     That the *maximum* transfer speed of a PCIe 3.0 standard graphics card is 8 gigatransfers per second; and for the PCIe slot in the ASRock Fatal1ty motherboard to have "triple performance" the card must have a speed of 24 gigatransfers per second. *See* FAC ¶¶ 38 and 39.

Plaintiff's argument rests on his self-serving definition of "performance," which he arbitrarily confines to metrics of speed or "graphics fidelity." However, nowhere in the statements does the term "performance" indicate it is related to, let alone restricted to, either of these two metrics. Indeed, Plaintiff's theory that "triple performance" is limited to speed or "graphics fidelity" is not plausible under his own allegations, and should be rejected. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Specifically, Plaintiff alleges in the FAC that the motherboard has three PCI

11

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No.  3:14-cv-01822-CRB
NOTICE OF MOTIONS AND MOTIONS OF DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
6714551-v5\SFODMS

1    Express 3.0 slots, only one of which has a layer of 15µ gold plating.  FAC ¶ 40.  Plaintiff then

2    alleges that there is no discernable difference in graphics or speed performance between the 15µ

3    gold slot and the other slots.  FAC ¶ 41.  From this, Plaintiff concludes the "triple performance"

4    statement cannot be true.  FAC ¶ 41.  Plaintiff's allegation that there was no discernable difference

5    in speed or graphics when using the gold slot indicates that the metric of "performance" must be

6    something other than speed or "graphics fidelity."  That is, it is not rational or plausible that any

7    manufacturer would incur the cost to add a layer of 15µ gold plating for absolutely no benefit.

8           Further, these contentions suffer from the same faulty logic as Plaintiff's argument that the

9    5X networking performance statement cannot be true.  That is, the alleged statement is that the 15µ

10   gold component delivers triple performance, not that it will triple the maximum speed of transfer or

11   triple "graphics fidelity."

12                    **d.      The Statement "Proven By Experiments"**

13          Plaintiff claims that the statement "Proven By Experiments" is false because it is "not

14   possible that *any* actual experimentation could substantiate Defendants' claims about Killer LAN or

15   Gold Finger features…"  *See* FAC ¶ 45.  At least three considerations demonstrate that such

16   allegations fail to state a claim.  *First*, a review of Exhibit A to the FAC demonstrates that the

17   "proven by experiment" statement only applies to the two statements relating to the Killer LAN; it

18   does not apply to the statement regarding the 15 µ gold plating providing triple performance.

19          *Second*, Plaintiff's own allegations at ¶45 demonstrate he is pursuing a lack of substantiation

20   claim -- that is, "not possible that *any* actual experimentation could *substantiate* Defendants' claims

21   about Killer LAN or Gold Finger features…"  *See Bronson I*, 2013 U.S. Dist. LEXIS 54029, at *23

22   ("reliance on a lack of scientific evidence or inconclusive, rather than contradictory, evidence is not

23   sufficient to state a claim").

24          *Third,* Plaintiff does not allege that either Pegatron USA, ASRock America or Fatal1ty did

25   not perform such experiments relating to the two Killer LAN statements.  Rather, Plaintiff alleges

26   that Defendants *cannot* prove these two statements by experiments.  As such, this is nothing more

27   than another lack of substantiation claim.  *See Scheuerman*, 2012 U.S. Dist. LEXIS 99397, at *30-31

28   (rejecting plaintiff's challenge to Nestlé's "clinically shown" representation because the plaintiff did

12

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

6714551-v5\SFODMS

Case No.  3:14-cv-01822-CRB
NOTICE OF MOTIONS AND MOTIONS OF DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1  not show an actual lack of clinical support, but rather questioned the sufficiency or conclusiveness of

2  the clinical support.)

3  **C.     The Fourth Claim (Fraudulent Inducement) Should be Dismissed Under Rule 9(b)**

4          Plaintiff's fraudulent inducement claim, which is based on the same allegedly fraudulent

5  statements as his California consumer protection law claims, should be dismissed for the reasons

6  discussed above.  Specifically, Plaintiff has failed to meet the particularity requirements for a fraud

7  claim under Rule 9(b).  *See Vess*, 317 F.3d at 1106 (Rule 9(b) requires that "[a]verments of fraud

8  must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.");

9  *Gross*, 2012 U.S. Dist. LEXIS 107356, at *29 (this Court dismissed plaintiff's fraudulent

10  inducement for failure to state fraud with particularity).

11  **D.     Plaintiff's Fifth Claim, for Breach of Express Warranty, Should Be Dismissed Under
        Rule 12(b)(6)**

12

13          Plaintiff's breach of express warranty claim should be dismissed because:  (1) California

14  express warranty laws do not apply to a non-California resident who was not harmed in California:

15  and, (2) an express warranty claim cannot be based on "lack of substantiation" allegations.

16          This Court has held that the same principles that govern the extraterritorial application of the

17  CLRA, UCL and FAL apply to claims for breach of express warranty.  *See Gross*, 2012 U.S. Dist.

18  LEXIS 107356 at *30-31 (dismissing a breach of express warranty because extraterritorial

19  application was not justified).  As discussed in detail above, Plaintiff is a New Hampshire resident,

20  not a California resident, and he has not sufficiently alleged any misconduct by any of the

21  Defendants that occurred in California, nor has sufficiently connected any alleged misconduct by

22  Defendants to California.

23          Even if Plaintiff was entitled to extraterritorial application of California law, which he is not,

24  Plaintiff has not properly pled the elements for a breach of express warranty.  To properly plead

25  breach of express warranty, Plaintiff must allege: (1) the exact terms of the warranty; (2) reasonable

26  reliance thereon; and (3) a breach of warranty which proximately caused plaintiff's injury."  *Sanders*

27  *v. Apple, Inc.*, 672 F. Supp. 2d 978, 986-87 (N.D. Cal. 2009).  Here, Plaintiff identifies four

28  statements he claims to be express warranties.  However, Plaintiff does not identify any actual

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

13

Case No.  3:14-cv-01822-CRB
NOTICE OF MOTIONS AND MOTIONS OF DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
6714551-v5\SFODMS

1  breach of these warranties, but instead rests this theory on lack of substantiation claims.  A lack of

2  substantiation theory cannot support a claim for breach of express warranty.  *Fraker v. Bayer* Corp.,

3  2009 U.S. Dist. LEXIS 125633 *23-24 (E.D. Cal. Oct. 2, 2009) (dismissing plaintiff's claim that

4  was "predicated on the unsupported legal proposition that an advertising claim creates both a

5  contractual obligation as to the claim's truthfulness and a contractually enforceable duty of the

6  advertiser to have at hand scientific evidence to substantiate the claim").  As such, Plaintiff's claim

7  for breach of express warranty should be dismissed.

8  **E.  Plaintiff's Sixth Claim For Unjust Enrichment Should Be Dismissed Under Rule 9(b) and Rule 12(b)(6)**

9

10  In California, there is no stand-alone cause of action for unjust enrichment.  *Bronson v.*

11  *Johnson & Johnson, Inc.*, 2013 U.S. Dist. LEXIS 54029 (N.D. Cal. Apr. 16, 2013).  Instead, unjust

12  enrichment must be based on a cognizable claim on some other form of misconduct, such as fraud or

13  quasi-contract.  *Smith v. Ford Motor Co.*, 462 F. App'x 660 (9th Cir. 2011); *Oestreicher v.*

14  *Alienware Corp.*, 544 F. Supp. 2d 964, 975 (N.D. Cal. 2008).  Here, Plaintiff's unjust enrichment

15  claim has no separate basis and cannot stand alone.

16  As discussed above, Plaintiff's theory of recovery is based on fraud, and he has failed to

17  sufficiently plead fraud pursuant to Rule 9(b).  Without these fraud claims, Plaintiff's unjust

18  enrichment claim cannot stand.  *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 975 (N.D.

19  Cal. 2008) (dismissing unjust enrichment claim as having no basis after fraud-based claims were

20  dismissed).

21  Moreover, Plaintiff has not pled a claim for quasi-contact thus his unjust enrichment claim

22  cannot stand.  *Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889 (N.D. Cal. 2012).  A quasi-

23  contract claim requires that the defendant knowingly receives a benefit from plaintiff and under the

24  circumstances it is inequitable for defendant to retain the benefit at the plaintiff's expense.  *Sephry-*

25  *Fard v. Dep't Stores Nat'l Bank*, 2013 U.S. Dist. LEXIS 175320 *27 (N.D. Cal. Dec. 13, 2013);

26  *Florey Inst. of Neuroscience & Mental Health v. Kleiner Perkins Caufield & Byers*, 2014 U.S. Dist.

27  LEXIS 41374 *34-35 (N.D. Cal. Mar. 26, 2014).  Here, Plaintiff alleges that Defendants obtained a

28  benefit "in the form of money… collected from [plaintiff] for the purchase of the ASRock Fatal1ty

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

1   motherboards." *See* FAC ¶ 126.  However, Plaintiff admits that he purchased the motherboard

2   through NewEgg.com, a third-party retailer who is not a party to this action.  *See* FAC ¶ 49.  He does

3   not allege ever paying Defendants, nor does he allege how or to what extent his purchase from

4   NewEgg.com conferred money on Defendants.

5                              **III.    CONCLUSION**

6          For all the foregoing reasons, Defendants' motion to dismiss should be granted, with

7   prejudice and without further leave to amend.

8

9   Dated:  July 17, 2014

10                                          **BAKER & McKENZIE LLP**

11

12                                          By:  /s/ Tod L. Gamlen
                                                 Tod L. Gamlen
13                                          Attorneys for Defendants
                                            PEGATRON USA, INC., ASROCK
14                                          AMERICA, INC., and FATALITY, INC., d/b/a
                                            FATAL1TY, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

15

Case No.  3:14-cv-01822-CRB
NOTICE OF MOTIONS AND MOTIONS OF DEFENDANTS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
6714551-v5\SFODMS