Tod L. Gamlen, State Bar No. 83458
  tod.gamlen@bakermckenzie.com
**BAKER & McKENZIE LLP**
660 Hansen Way
Palo Alto, CA 94304
Telephone: +1 650 856 2400
Facsimile: +1 650 856 9299

Teresa H. Michaud, State Bar No. 296329
  teresa.michaud@bakermckenzie.com
Christina M. Wong, State Bar No. 288171
  christina.wong@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Telephone: +1 415 576 3022
Facsimile: +1 415 576 3099

Mark D. Taylor (Admitted *Pro Hac Vice*)
  mark.taylor@bakermckenzie.com
**BAKER & McKENZIE LLP**
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201
Telephone: +1 214 978 3000
Facsimile: +1 214 978 3099

Attorneys for Defendants
PEGATRON USA, INC., ASROCK AMERICA,
INC., and FATALITY, INC., d/b/a FATAL1TY,
INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSHUA SMITH, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>PEGATRON USA, INC., a California corporation, ASROCK AMERICA, INC., a California corporation, and FATALITY, INC., d/b/a Fatal1ty, Inc., a Missouri corporation,<br><br>                    Defendants. | Case No. 3:14-cv-01822-CRB<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS PEGATRON USA, INC., ASROCK AMERICA, INC., and FATALITY, INC. D/B/A FATAL1TY, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [Fed. R. Civ. P. 9(b) and 12(b)(6)]**<br><br>Date:       August 22, 2014<br>Time:       10:00 a.m.<br>Courtroom: 6, 17th Floor<br>Before:     The Hon. Charles R. Breyer |

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

Case No. 3:14-cv-01822-CRB
REPLY MEMO IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
6716326-v5\SFODMS

## <u>TABLE OF CONTENTS</u>

<b>Page</b>

SUMMARY OF ARGUMENT ................................................................................................ vi

I.    ARGUMENT ............................................................................................................... 1

    A.    The First, Second and Third Claims – Plaintiff's Rule 9(b) and 12(b)(6) Arguments are Misplaced and Should be Rejected ..................................... 1

        1.    Plaintiff's Arguments Notwithstanding, these Claims Fail to Meet Rule 9(b)'s Requirements ...................................... 1

            a.    The Plaintiff's "Parties Involved" Argument Disregards the Requirements of Rule 9(b)........................... 1

            b.    Plaintiff's "Worked in Concert" Allegations and Argument are Legally Insufficient................................. 2

            c.    Plaintiff's Reliance on a "Relaxed Pleading Standard" Is Misplaced ...................................................... 3

        2.    The First, Second and Third Claims Should be Dismissed Under Rule 12(b)(6) and Plaintiff's Arguments Do Not Demonstrate Otherwise ............. 4

            a.    Plaintiff is Not Entitled to Extraterritorial Application of California Law ........................................... 5

            b.    Plaintiff's Arguments Do Not Refute that the First, Second, and Third Claims are Each Based on Lack of Substantiation and, Therefore, Should be Dismissed ................................. 6

                i.    Plaintiff's Reliance on the "Reasonable Consumer Test" is Misplaced................................... 7

                ii.    Plaintiff's Arguments Notwithstanding Each of the Four Advertising Statements At Issue in the First, Second and Third Claims are Based on a Lack of Substantiation and Should Therefore be Dismissed ............... 8

                    (a)    The Statement that "the Killer LAN Boosts Networking Performance 5X" ..................................... 9

                    (b)    The Statement that the E2200 LAN "Reduces Latency".......................................................... 10

                    (c)    The Statement that the 15µ Gold Components in the PCIe Slot Delivers Triple Performance ............... 10

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

1

**TABLE OF CONTENTS**
(continued)

2

<u>Page</u>

3

          (d)     The Statement "Proven By Experiments"................. 11

4

       iii.    The Statement "Proven by Experiments" Does Not
Permit Plaintiff to Bring a Private Lack of

5

Substantiation Claim ............................................................... 12

6

B.    The Fourth Claim for Fraud ................................................................. 13

7

C.    The Fifth Claim for Breach of Warranty ............................................ 13

8

D.    The Sixth Claim for Unjust Enrichment .............................................. 14

9

II.    CONCLUSION ................................................................................................. 15

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bronson et al. v. Johnson & Johnson, Inc.*,
  No. C 12-04184, 2013 U.S. Dist. LEXIS 54029 (N.D. Cal. Apr. 16, 2013) ..................7, 9, 12, 14

*Bronson v. Johnson & Johnson, Inc.*,
  No. C 12-04184, 2013 U.S. Dist. LEXIS 151842 (N.D. Cal. Oct. 22, 2013) (Breyer, J.)..............7

*Cabral v. Supple, LLC*,
  No. 5:12-cv-00085-MWF-OP (C.D. Cal. July 3, 2012) ........................................8, 13

*In Re Clorox Consumer Litig.*,
  894 F. Supp. 2d 1224 (N.D. Cal. 2012) ..................................................................8

*County of Santa Clara v. ASTRA US, Inc.*,
  428 F. Supp. 2d 1029 (N.D. Cal. 2006) ..................................................................2

*Dorfman v. Nutramax Labs, Inc.*,
  No. 13-cv-0873-WQH-RBB, 2013 U.S. Dist. LEXIS 136949 (S.D. Cal. Sept. 23,
  2013) ........................................................................................................8

*Eckler v. Wal-Mart Stores, Inc.*,
  No. 12-cv-727 LAB-MDD, 2012 U.S. Dist. LEXIS 157132 (S.D. Cal. Nov. 1, 2012) ................8

*Edmunson v. Procter & Gamble Co.*,
  No. 10-cv-2256-NLS, 2011 WL 1897625 ..............................................................14

*Fields v. Wise Media, LLC*,
  No. C 12-05160 WHA, 2013 U.S. Dist. LEXIS 87671 (N.D. Cal. June 21, 2013)....................2, 4

*Fraker v. Bayer Corp.*,
  2009 U.S. Dist. LEXIS 125633 (E.D. Cal. Oct. 2, 2009) ........................................13, 14

*Gross v. Symantec Corp.*,
  No. C 12-00154 CRB, 2012 U.S. Dist. LEXIS 107356 (N.D. Cal. 2012)................................1, 5

*Gustavson v. Wrigley Sales Co.*,
  961 F. Supp. 2d 1100 (N.D. Cal. 2013) ............................................................14, 15

*Harbridge v. Schwarzenegger*,
  No. CV 07-4486-GW(SH), 2011 U.S. Dist. LEXIS 150789 (C.D. Cal. Aug. 31, 2011) .............15

*Hughes v. Ester C Co.*,
  930 F. Supp. 2d 439 ................................................................................7, 8, 12, 13

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

*Jackson v. Marion County,*
66 F.3d 151 (7th Cir. 1995) ........................................................................................15

*Kerns v. Ford Motor Co.,*
567 F.3d 1120 (9th Cir. 2009) .......................................................................................6

*McCrary v. Elations Co., LLC,*
No. 13-cv-0242 JGB OPX, 2013 U.S. Dist. LEXIS 173592 (C.D. Cal. July 12, 2013)...........8, 12

*Neubronner v. Milken,*
6 F.3d 666 (9th Cir. 1993) ......................................................................................2, 3, 4

*Process Specialties, Inc. v. Sematech, Inc.,*
No. 00-cv-414 FCD PAN, 2001 U.S. Dist. LEXIS 26261 (E.D. Cal. Nov. 8, 2001)...................15

*Sacramento E.D.M., Inc. v. Hynes Aviation Indus.,*
965 F. Supp. 2d 1141 (E.D. Cal. 2013)..............................................................................4

*Sanford v. MemberWorks, Inc.,*
625 F.3d 550 (9th Cir. 2010) ........................................................................................1

*Scheuerman v. Nestlé Healthcare Nutrition,*
No. 10-3684, 2012 U.S. Dist. LEXIS 99397 (D.N.J. July 16, 2012).........................................7, 8

*Stanley v. Bayer Healthcare LLC,*
No. 11cv862-IEG, 2012 U.S. Dist. LEXIS 47895 (C.D. Cal. Apr. 3, 2012).........................7, 10

*Swartz v. KPMG, LLP,*
476 F.3d 756 (9th Cir. 2007) ..................................................................................1, 2, 3

*Tietsworth v. Sears, Roebuck and Co.,*
720 F. Supp. 2d 1123 (N.D. Cal. 2010) ..........................................................................14

*In Re Toyota Motor Corp.,*
785 F. Supp. 883 (C.D. Cal. 2011) ..........................................................................1, 2, 3, 5

*Vasic v. Patent Health, LLC,*
No. 13-cv-849 AJB, 2014 WL 940323 (S.D. Cal. Mar. 10, 2014)........................................2, 8

*Vess v. Ciba-Geigy Corp.,*
317 F.3d 1097 (9th Cir. 2002) ...................................................................................1, 6

*Wolk v. Green,*
516 F. Supp. 2d 1121 (N.D. Cal. 2007) ..........................................................................15

*Wool v. Tandem Computers, Inc.,*
818 F.2d 1433 (9th Cir. 1987) ..................................................................................3, 4

iv

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No.  3:14-cv-01822-CRB
REPLY MEMO IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
6716326-v5\SFODMS

**State Cases**

*Colgan v. Leatherman Tool Group, Inc.*,
   135 Cal. App. 4th 663 (2006) ...................................................................8

*County of San Bernardino v. Walsh*,
   158 Cal. App. 4th 533 (2007) .................................................................15

*Durell v. Sharp Healthcare*,
   183 Cal. App. 4th 1350 (2010) ...............................................................15

**State Statutes**

Cal. Bus. & Prof. Code § 17508 ....................................................................7

**Rules**

Fed. R. Civ. P. 9(b) ............................................................................. *passim*

Fed. R. Civ. P. 11 .........................................................................4, 5, 6

Fed. R. Civ. P. 12(b)(6)...................................................................... *passim*

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

# SUMMARY OF ARGUMENT

In their July 17, 2014 memorandum in support of the present motion (ECF No. 36) ("Opening Memo."), Defendants Pegatron USA, Inc. ("Pegatron USA"), ASRock America, Inc. ("ASRock America") and Fatal1ty, Inc. ("Fatal1ty") set forth reasons why each of the six claims in the First Amended Complaint ("FAC") should be dismissed. The July 31, 2014 opposition (ECF No. 38) ("Opp. Memo.") of Plaintiff Joshua Smith does not meaningfully address, let alone rebut, the arguments and authorities advanced by Defendants.

As to the First, Second and Third Claims, all of which sound in fraud, Plaintiff has not, and cannot, establish that such claims meet the requirements of Rule 9(b)—Plaintiff ignores the authorities which set forth such requirements, relies on a "worked in concert" allegations that are legally insufficient, and unjustifiably tries to fall within the "relaxed pleading" exception to Rule 9(b). Neither in the FAC nor the Opp. Memo. does Plaintiff allege that the facts relating to the role of each Defendant in the purported fraud is exclusively within the Defendants' knowledge or that Plaintiff does not know such information. Plaintiff has not, and cannot, allege that he does not know which information is posted on any given Defendants' website -- Plaintiff need only visit the website of each Defendant to determine whether such Defendant made any of the four subject advertising statements on its particular website. Similarly, Plaintiff has not, and cannot, allege that he does not know which Defendant (if any of them at all) produced the motherboards, and their related packaging. Nor does Plaintiff allege any basis for a belief that any of the Defendants either (i) hosted a website which contained any of the alleged advertising statement at issue, or (ii) produced and sold the product with the subject packaging. The facts on such issues could easily be obtained through any investigation of the type required under Rule 11.

Plaintiff's arguments also do not demonstrate that the First, Second and Third Claims should not be dismissed under Rule 12(b)(6). Plaintiff's arguments notwithstanding, Plaintiff is not entitled to extraterritorial application of California law. The Ninth Circuit has recognized that there is a relationship between motions under Rules 9(b) and 12(b)(6). *See, e.g., Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1107 (9th Cir. 2003) and *Kerns v. Ford Motor Co.,* 567 F.3d 1120, 1145 (9th Cir. 2009) and that allegations that do not meet the requirements of Rule 9(b) are to be stripped from the

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

FAC. When the Court does so as to the conclusory allegations of "Defendants" alleged involvement in the four advertising statements at issue, the only facts before the Court on the "extraterritoriality" issue are that Plaintiff is a New Hampshire resident (FAC ¶5), that Plaintiff purchased the motherboards from the online retailer NewEgg.com (FAC ¶ 49); and, that Defendants Pegatron USA and ASRock America are located in California (FAC, ¶¶6, 7). Those facts do not support extraterritorial application of California's consumer laws.

Plaintiff's arguments also do not refute that the First, Second and Third Claims are each based on lack of substantiation and, therefore, should be dismissed. The relevant authorities demonstrate that the issue the Court is to address is whether, looking at the FAC *as a whole*, Plaintiff's claims of "falsity" are based on lack of substantiation. If an advertising statement is claimed to be "false and misleading" because there is a *lack of evidentiary support* for the statement, it is an impermissible "lack of substantiation" claim; on the other hand, if it is claimed that the advertising statement has actually been *disproved* then it is "positively false." And, while Plaintiff may cavalierly inject the words "false" or "falsity" in the FAC, such is not determinative – the Court should examine the actual wording of the advertising statements and the specific facts alleged in the FAC *as a whole*. Applying these principles to the allegations of each of the First, Second and Third Claims demonstrate that, as to each of the four advertising statements at issue, Plaintiff is alleging a lack of substantiation claim.

As to the Fourth Claim, based on fraud, Plaintiff simply has not addressed Defendants' motion.

As to the Fifth Claim, for breach of warranty, Plaintiff implicitly acknowledges in the Opp. Memo. that if the Court rules that the First, Second and Third Claims should be dismissed because the UCL, FAL and CLRA cannot be applied extraterritorially, the Fifth Claim should also be dismissed; and, Plaintiff does not dispute that his breach of warranty claim is based on the same four statements as the First, Second and Third Claims and, a lack of substantiation theory cannot support a breach of warranty claim.

Finally, as to the Sixth Claim, for unjust enrichment, Plaintiff does not dispute that such claim is based on fraud and that such claim and must therefore meet the requirements of Rule 9(b) --

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No.  3:14-cv-01822-CRB
REPLY MEMO IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
6716326-v5\SFODMS

as contended by Defendants, Plaintiff has not done so. And, Plaintiff's Sixth Claim is not, and cannot be, based on a theory of quasi-contract because, in light of the allegation that he purchased his motherboard from NewEgg.com, there is no quasi-contract relationship between Plaintiff and Defendants. Plaintiff's reliance on the conclusory allegations of ¶126 to establish a quasi-contractual relationship with Defendants is misplaced because he is bound by his specific allegation that his relationship is with NewEgg.com, not Defendants. And, the cases cited by Plaintiff are not relevant to the issue because they were each decided before California courts held that unjust enrichment is not a cause of action; and, do not addresses the issue of what constitutes a quasi-contractual relationship.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

# I.   ARGUMENT

**A.   The First, Second and Third Claims – Plaintiff's Rule 9(b) and 12(b)(6) Arguments are Misplaced and Should be Rejected**

**1.   Plaintiff's Arguments Notwithstanding, these Claims Fail to Meet Rule 9(b)'s Requirements**

In their Opening Memo. at 4-7, Defendants explain why the First, Second and Third Claims, all of which sound in fraud, should be dismissed because each claim simply lumps together the three Defendants – Pegatron USA, ASRock America and Fatal1ty – and fails to set forth any facts which specify the role of each Defendant in the four advertising statements at issue. Defendants' arguments are based on well established legal principles which have been applied by the Ninth Circuit (*see Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1107 (9th Cir. 2002)), this Court (*Gross v. Symantec Corp.*, No. C 12-00154 CRB, 2012 U.S. Dist. LEXIS 107356 (N.D. Cal. 2012)) and several other courts. *See, e.g., In Re Toyota Motor Corp.*, 785 F. Supp. 883, 919 (C.D. Cal. 2011). In the Opp. Memo. at 2:17-6:6 Plaintiff simply disregards these principles and, instead, cobbles together arguments that, if accepted, would contravene established Ninth Circuit law and allow any Plaintiff to circumvent the requirements of Rule 9(b).

**a.   The Plaintiff's "Parties Involved" Argument Disregards the Requirements of Rule 9(b)**

In the Opp. Memo. at 2:17-4:4 Plaintiff cites to *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) to argue that so long as he identifies the "parties involved" he has satisfied Rule 9(b) and need not set forth factual allegations setting forth specific facts as to the role of each Defendant in the purported fraud. Such an argument is misplaced -- the issue in *Sanford* was which *plaintiff* was told the alleged misrepresentations which are the subject of the action, not the role of each of the defendants in the purported fraud. It was in that context that the Ninth Circuit set forth the "parties involved" language relied upon by plaintiff here. Moreover, the Ninth Circuit has plainly held that a plaintiff may not "simply lump together multiple defendants without specifying the role of each defendant in the fraud." *Swartz v. KPMG, LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 919 (C.D. Cal. 2011). Indeed, cases cited by Plaintiff himself have held that, in citing to the "parties involved" language of *Sanford*, a plaintiff must set

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

1   forth facts setting forth the role of each defendant. *See, e.g., Fields v. Wise Media, LLC*, No. C 12-

2   05160 WHA, 2013 U.S. Dist. LEXIS 87671 (N.D. Cal. June 21, 2013) *10-11; *Vasic v. Patent*

3   *Health, LLC*, No. 13-cv-849 AJB, 2014 WL 940323 (S.D. Cal. Mar. 10, 2014).

4          Also, it must be kept in mind that all of Plaintiff's allegations relating to the Defendants in

5   this case are being made on information and belief. *See* FAC introductory paragraph at p. 2, lines 1-7

6   and Opening Memo. at p. 6. Allegations upon information and belief must be accompanied by "the

7   factual basis for the belief." *Neubronner*, 6 F.3d at 672; *County of Santa Clara v. ASTRA US, Inc.*,

8   428 F. Supp. 2d 1029, 1036-37 (N.D. Cal. 2006). In the Opp. Memo. Plaintiff largely ignores this

9   principle – nowhere in the FAC does Plaintiff set forth the basis of his "information and belief" that

10  any of the Defendants made any of the four advertising statements at issue. Among other things,

11  Plaintiff does not state any factual basis for why he believes the websites which contain the alleged

12  statements belong to, or are hosted by, any of the Defendants[1]. These unsupported allegations on

13  information and belief do not satisfy the requirements of Rule 9(b).

14          **b.      Plaintiff's "Worked in Concert" Allegations and Argument are Legally
                     Insufficient**

15

16          Plaintiff also claims he has sufficiently identified the "who" did "what" of his fraud claims

17  by alleging all three Defendants "worked in concert." Opp. Memo. at 4. A plaintiff may not "simply

18  lump together multiple defendants without specifying the role of each defendant in the fraud."

19  *Toyota*, *supra*, 785 F. Supp. 2d at 919. Conclusory allegations that multiple defendants were "acting

20  in concert" or as "agents" of one another are insufficient as a matter of law. *Swartz*, *supra*, 476 F.3d

21  at 765. At the very minimum, a plaintiff must "identify the role of each defendant in the alleged

22  fraudulent scheme." *Id.* (internal citations omitted). Plaintiff simply does not do this in his FAC.

23  Plaintiff's conclusory allegation that Defendants "worked in concert" does no more than "lump" all

24  Defendants together, which is prohibited by Rule 9(b).

25          Plaintiff's reliance on *Toyota* for the proposition that alleging Defendants "worked in

26  concert" is the equivalent to making the same allegations against each Defendant (Opp. Memo. at p.

27

28  _____
    [1] The only websites identified in the FAC are those of non-parties – the www.asrock.com website
    and the NewEgg.com website. *See, e.g.*, FAC, ¶¶18 and 50.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

4; FAC ¶17) is misplaced. Although *Toyota* acknowledges that a plaintiff may consciously choose to make the same allegations against multiple defendants, Plaintiff ignores the rest of the sentence, which says such "allegations must be supportable by something more than mere conclusory allegations of mutual and overlapping agencies pursuant to which Defendants at all times acted." *Id.* at 911. In other words, Plaintiff must still provide a factual basis--not just conclusory allegations-- that Defendants were working in concert or together. Plaintiff has not done this in his FAC.[2]

Also unsupportable is Plaintiff's argument that his "worked in concert" allegations are sufficient because it is not an allegation based on "agency." The Ninth Circuit has held that conclusory allegations that multiple defendants were "acting in concert" or were "active participants in [a] conspiracy" are insufficient as a matter of law:

> The complaint is shot through with general allegations that the "defendants" engaged in fraudulent conduct but attributes specific misconduct only to KPMG and B&W. Conclusory allegations that Presidio and DB "knew that [KPMG and B&W] were making . . . false statements to clients, including Swartz, and thus were acting in concert with [KPMG and B&W]" and "were acting as agents [of KPMG and B&W]" and were "active participants in the conspiracy" *without any stated factual basis are insufficient as a matter of law.*

*Swartz*, *supra*, 476 F.3d at 765 [emphasis added]. Plaintiff cannot, without any factual basis, satisfy the requirements of Rule 9(b) by merely stating Defendants "worked in concert," acted as an agent, or participated in a conspiracy. Such allegations do not meet Rule 9(b)'s requirements of "who" did "what," or specifying the role of each Defendant in any claim sounding in fraud.

### c.   Plaintiff's Reliance on a "Relaxed Pleading Standard" Is Misplaced

Plaintiff's contention that he should be given a relaxed Rule 9(b) pleading standard because "he is not required to guess facts within Defendants' knowledge" is without merit. While the Ninth Circuit has recognized a narrow exception to Rule 9(b)'s particularity pleading requirement for matters that are peculiarly within the defendant's knowledge, *see e.g., Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) and *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987),

---

[2] Plaintiff points to one factual basis for his theory that Defendants "worked in concert": that ASRock and Fatal1ty entered into a partnership to build motherboards. Plaintiff's bases this on an article hosted by the domain www.facebook.com, a non-party website. Opp. Memo. at 4; FAC at ¶16. However, a cursory review of this website reveals that ASRock, Inc., was the purported party to this partnership **not** Defendant ASRock America.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

such relaxed pleading standard does not nullify Rule 9(b). Rather, such exception allows plaintiffs to make allegations *upon information and belief* for facts which plaintiff cannot be expected to have personal knowledge. *Wool*, 818 F.2d at 1439. All such allegations upon information and belief must "state the factual basis for the belief." *Neubronner*, 6 F.3d at 672.

And, several of the very cases cited by Plaintiff hold that such exception only applies when (i) the facts are *exclusively* within a defendant's knowledge and (ii) the plaintiff cannot know them. *See, e.g., Sacramento E.D.M., Inc. v. Hynes Aviation Indus.*, 965 F. Supp. 2d 1141, 1151 (E.D. Cal. 2013) and *Fields, supra*, 2013 U.S. Dist. LEXIS 87671 at *9. Indeed, Plaintiff's reliance on *Hynes*, 965 F. Supp. 2d at 1151 is misplaced because the court dismissed plaintiff's complaint when it failed to demonstrate that evidence of the alleged fraud was *exclusively* within the Defendant's possession, and Plaintiff was thus not entitled to the relaxed standard.

Here, Plaintiff has not, and cannot, allege that the facts relating to the role of each Defendant in the purported fraud is exclusively within the Defendants' knowledge or that Plaintiff does not know such information. Plaintiff has not, and cannot, allege that he does not know which information is posted on any given Defendants' website -- Plaintiff need only visit the website of each Defendant to determine whether such Defendant made any of the four subject advertising statements on its particular website. Similarly, Plaintiff has not, and cannot, allege that he does not know which Defendant (if any of them at all) produced the motherboards, and their related packaging. Nor does Plaintiff allege any basis for a belief that any of the Defendants either (i) hosted a website which contained any of the alleged advertising statement at issue, or (ii) produced and sold the product with the subject packaging. The facts on such issues could easily be obtained through any investigation of the type required under Rule 11.

## 2. The First, Second and Third Claims Should be Dismissed Under Rule 12(b)(6) and Plaintiff's Arguments Do Not Demonstrate Otherwise

In his Opp. Memo. at 6-13 Plaintiff attempts to address Defendants' contention that these claims should be dismissed because he has not sufficiently alleged facts justifying the extraterritorial application of California's consumer protection laws to protect Plaintiff, a non-resident, and, because Plaintiff has no private right of action for a claims based on lack of substantiation. As set forth

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

4

Case No.  3:14-cv-01822-CRB
REPLY MEMO IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
6716326-v5\SFODMS

below, Plaintiff's attempts in this regard should be rejected.

**a.   Plaintiff is Not Entitled to Extraterritorial Application of California Law**

As set forth in Defendant's Opening Memo. at 7-8, the First, Second and Third Claims should be dismissed because: Plaintiff has not alleged sufficient facts under *Toyota*, 785 F. Supp. 2d at 916-917, to apply California consumer protection laws extraterritorially; the fourth factor of *Toyota* (that is, sufficient facts to support allegations which show a Defendant "developed, designed or disseminated" the allegedly misleading statements in California) is controlling; and, Plaintiff has not alleged, within the requirements of Rule 9(b), specific facts as to any Defendant to demonstrate that it "developed, designed or disseminated" any of the four advertising statements at issue in California.

In the Opp. Memo. at 6-8, Plaintiff does not dispute that the decision in *Toyota*, and this Court's decision in *Gross v. Symantec Corp.*, No. C 12-00154 CRB, 2012 U.S. Dist. LEXIS 107356 (N.D. Cal. 2012) (Breyer, J.) are controlling on this issue, nor does he dispute that the fourth *Toyota* factor – specific facts to demonstrate that the advertising statements at issue were "developed, designed or disseminated" in California – is the controlling factor. Opp. Memo. at 7:2-13. Rather, Plaintiff contends that his allegations in ¶18 of the FAC, which are made on information and belief (*see* FAC introductory paragraph at p. 2, lines 1-7), that "all marketing and advertisements for the ASRock Fatal1ty motherboards were developed by Defendants and emanated from California, *either* from ASRock sales and marketing department, Pegatron USA's offices, or from Auravision at Defendants' direction" are sufficient. Such conclusory allegations do not meet Rule 9(b) because (i) they do not allege the role of each Defendant; (ii) they do not allege the basis of Plaintiff's information and belief; and, (iii) they do not allege that such information is exclusively within Defendants' control and that Plaintiff has no knowledge as to which Defendant made any of the four advertising statements. These defects are highlighted by the fact that the advertising statements at issue appear in only two places – "Defendants' websites" and the product packaging. FAC ¶ 18. Any cursory investigation (and certainly one that would meet the requirements of Rule 11) would allow Plaintiff to determine and allege facts as to which of Defendants (if any) hosted the website which contained the advertising statement, and whose name is on the product packaging which Plaintiff

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

himself obtained.

Rather than address these deficiencies, Plaintiff contends that Defendants' Rule 9(b) arguments are irrelevant to a Rule 12(b)(6) challenge to the extraterritorial application of California law. Plaintiff has not, and cannot, cite any authority for such proposition. The Ninth Circuit has recognized that there is a relationship between motions under Rules 9(b) and 12(b)(6). *See, e.g., Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1107 (9th Cir. 2003) (a motion to dismiss under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6); if insufficiently pled allegations of fraud are disregarded, as they must be in a complaint or claim grounded in fraud and, there is effectually nothing left of the complaint, dismissals under both Rules are treated in the same manner); *see also, Kerns v. Ford Motor Co.,* 567 F.3d 1120, 1145 (9th Cir. 2009) (any allegations which do not meet Rule 9(b) should be "disregarded," or "stripped from the claim.").

These cases squarely hold that allegations which do not meet Rule 9(b) standards are to be stripped from the complaint and not considered. As such, the allegations which this Court can consider in the context of this motion do *not* include Plaintiff's conclusory allegations that "Defendants," as a group, engaged in certain acts or were responsible for any of the four advertising statements at issue. Unless and until Plaintiff alleges facts which meet the requirements of Rule 9(b) (after a proper Rule 11 investigation) as to: the role of each Defendant, the facts on which Plaintiff's information and belief is based and that Plaintiff does not know such facts, there are no allegations before this Court to support Plaintiff's arguments. Rather, the only allegations before the Court on this extraterritorial issue are that Plaintiff is a New Hampshire resident (FAC ¶5), that Plaintiff purchased the motherboards from the online retailer NewEgg.com (FAC ¶ 49); and, that Defendants Pegatron USA and ASRock America are located in California (FAC, ¶¶6, 7). Those allegations do not support extraterritorial application of California's consumer laws.

### b. Plaintiff's Arguments Do Not Refute that the First, Second, and Third Claims are Each Based on Lack of Substantiation and, Therefore, Should be Dismissed

In the Opp. Memo. at 8-13 Plaintiff advances three arguments to counter Defendants' motion that the First, Second and Third Claims should be dismissed because they are based on a "lack of

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

substantiation" theory. As set forth below, each of Plaintiffs' arguments is misplaced and fails to apply the applicable legal principles to either the actual wording of the four advertising statements at issue or Plaintiff's allegations as to why such statements are allegedly "false and misleading."

### i. Plaintiff's Reliance on the "Reasonable Consumer Test" is Misplaced

In the Opp. Memo. at 8-11 Plaintiff cites to seven (7) cases and appears to argue that the Court should deny this motion because Plaintiff need only meet the "reasonable consumer test" as to each of the four advertising statements at issue does so. However, Plaintiff's argument, and his reliance on those seven (7) cases, is severely misplaced. None of these seven (7) cases cited by Plaintiff were addressing "lack of substantiation" claims. Defendants do not dispute that, as a general rule, the "reasonable consumer test" will apply in determining whether claims will lie under the UCL, FAL and CLRA.

However, the courts, including this Court, repeatedly hold that Plaintiffs cannot assert causes of action under the UCL, FAL or CLRA if such claims are based on a defendant's alleged inability to substantiate the advertising statements at issue. *Stanley v. Bayer Healthcare LLC*, No. 11cv862-IEG, 2012 U.S. Dist. LEXIS 47895 (C.D. Cal. Apr. 3, 2012); *Scheuerman v. Nestlé Healthcare Nutrition*, No. 10-3684, 2012 U.S. Dist. LEXIS 99397 (D.N.J. July 16, 2012); *Bronson et al. v. Johnson & Johnson, Inc.*, No. C 12-04184, 2013 U.S. Dist. LEXIS 54029 (N.D. Cal. Apr. 16, 2013) ("*Bronson I*"); *Bronson v. Johnson & Johnson, Inc.*, No. C 12-04184, 2013 U.S. Dist. LEXIS 151842 (N.D. Cal. Oct. 22, 2013) (Breyer, J.) ("*Bronson II*"). As set forth in *Stanley*, 2012 U.S. Dist. LEXIS 47895 at *9-10, this is a statutory issue, *i.e.*, under California statutory law (CAL. BUS. & PROF. CODE § 17508) only prosecuting authorities can bring claims under these statutes for lack of substantiation. *See also*, *Hughes v. Ester C Co.*, 930 F. Supp. 2d 439 (E.D.N.Y. Mar. 15, 2013 (if claims are based on a lack of substantiation they are not "false" or "misleading" within the meaning of the UCL, FAL or CLRA).

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

ii.   **Plaintiff's Arguments Notwithstanding Each of the Four Advertising Statements At Issue in the First, Second and Third Claims are Based on a Lack of Substantiation and Should Therefore be Dismissed**

Defendants respectfully submit that, in addressing whether the First, Second and Third Claims are based on a lack of substantiation, and should therefore be dismissed, the Court's analysis should be guided by the following principles, many of which are set forth in cases cited by Plaintiff in the Opp. Memo. at 8-13.

• The starting point for such analysis is each of the four advertising statements themselves, as opposed to counsel's characterization of such statements. *See, e.g.*, *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 679 (2006).

• The Court should look at the FAC, and its allegations, as a whole. *In Re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1232 (N.D. Cal. 2012); *Scheuerman v. Nestle Healthcare Nutrition*, No. 10-3684, 2012 U.S. Dist. LEXIS 99397 at *23 (D.N.Y. July 16, 2012).

• If an advertising statement is claimed to be "false and misleading" because there is a *lack of evidentiary support* for the statement, it is an impermissible "lack of substantiation" claim; on the other hand, if it is claimed that the advertising statement has actually been *disproved* then it is "positively false." *Eckler v. Wal-Mart Stores, Inc.*, No. 12-cv-727 LAB-MDD, 2012 U.S. Dist. LEXIS 157132 *12 (S.D. Cal. Nov. 1, 2012); *Hughes, supra,* 930 F. Supp. 2d at 459. In this regard, it should be noted that each of the cases cited by Plaintiff in which the Court held that "positive falsity" was alleged, as opposed to "lack of substantiation," involved either (i) claims where the plaintiff alleged that there are actual studies which contradicted the advertising statements at issue;[3] or, (ii) that defendants claimed tests were done, when, in fact, defendants did not actually perform them.[4]

---

[3] *See, e.g.*, *Dorfman v. Nutramax Labs, Inc.*, No. 13-cv-0873-WQH-RBB, 2013 U.S. Dist. LEXIS 136949 *31-32 (S.D. Cal. Sept. 23, 2013); *Eckler, supra*, 2013 U.S. Dist. LEXIS 157132 at * 10; *Clorox, supra*, 894 F. Supp. 2d at 1232; *Vasic, supra*, 2014 U.S. Dist LEXIS *13-14.
[4] *McCrary v. Elations Co., LLC*, No. 13-cv-0242 JGB OPX, 2013 U.S. Dist. LEXIS 173592 *25-26 (C.D. Cal. July 12, 2013) ; *Cabral v. Supple, LLC*, No. 5:12-cv-0085-MWF-OP (C.D. Cal. July 3, 2012).

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

8

Case No.  3:14-cv-01822-CRB
REPLY MEMO IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
6716326-v5\SFODMS

Read together, the above authorities demonstrate that the issue the Court is to address is whether, looking at the FAC as a whole, Plaintiff's claims of "falsity" are based on lack of substantiation. In doing so, the Court should keep in mind that Rule 9(b) requires Plaintiff to state with specific facts the basis on which the statements are purportedly false. *Bronson I*, *supra*, 2013 U.S. Dist. LEXIS 54029 at *6-7. And, while Plaintiff may cavalierly inject the words "false" or "falsity" in the FAC, such is not determinative – the Court should examine the specific facts alleged in the FAC on which the Plaintiff bases the claim of "falsity."

Applying these principles to each of the allegations of the First, Second and Third Claims demonstrate that, as to each of the four advertising statements at issue, Plaintiff is alleging a lack of substantiation claim.

(a)   **The Statement that "the Killer LAN Boosts Networking Performance 5X"**

The text of this statement, is set forth in the website pages and packaging. See FAC, ¶¶20-27 and Exhibits A (packaging) and B (NewEgg.com website). That text states the following:

> Boost networking performance up to 5X for time-sensitive User Datagram Protocol (UDP) based applications, such as online games and high quality media streaming.

A review of the express terms of this statement demonstrate that it reflects a comparison – the performance of the Killer LAN over a non-Killer LAN. In the FAC Plaintiff does not allege that any tests or studies had been done which demonstrate that the Killer LAN does not boost performance 5X over a non-Killer LAN. Rather, the specific facts on which this claim is based are set forth in ¶¶20-27 and 45. As a review of ¶¶20-27 demonstrate, Plaintiff is basing his claim of falsity by *assuming* that all non-Killer LANs operate at the maximum throughput speed of 1GB/second. Yet, there is no allegation that all such non-Killer LANs operate at the maximum speed. By basing his allegations of "falsity" on his own self-serving assumption Plaintiff is not claiming that such statement is "positively false" – rather, he is challenging Defendants to prove it. That is the essence of lack of substantiation.

In the Opp. Memo. at 12, Plaintiff relies exclusively on ¶45 to contend that this statement is "positively false." However, ¶45 only hurts Plaintiff's cause because when the Court reads ¶45, *as a*

9

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

Case No. 3:14-cv-01822-CRB
REPLY MEMO IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
6716326-v5\SFODMS

*whole*, it demonstrates that Plaintiff is claiming that this statement is "patently false" because it cannot be proven by experiment – again, this is the essence of lack of substantiation.

###### (b)    The Statement that the E2200 LAN "Reduces Latency"

The text of this statement is set forth in the website and the product packaging. *See*, FAC at ¶¶28-34, Exhibits A (packaging) and B (NewEgg.com website). Such statement is that:

> Lower Latency in Online Games
> - Latency Lowered
>   - LOL up to 136%
>   - Diablo 3 up to 60%
>   - DOTA2 up to 47%

Again, a review of this statement demonstrates it reflects a comparison of the Killer LAN over non-Killer LANs. In ¶¶28-34 of the FAC Plaintiff does not allege any tests or studies have been done which demonstrate latency is not reduced with respect to the three games identified in this statement.[5] Rather, Plaintiff gives a self-serving interpretation of what "reduces latency by up to 136%" means, *i.e.*, the Killer LAN reduces the latency (or delay) by absolute seconds, as opposed to percentages (which, by definition, reflect a comparison). Again, by employing the approach of making self-serving assumptions and interpretations Plaintiff is not claiming the statement is "positively false" but is challenging Defendants to prove it.[6]

In the Opp. Memo. at 12 Plaintiff relies on ¶46 to argue that he has somehow alleged "positive falsity." Again, however, such reliance is severely misplaced because ¶46, *read as a whole*, alleges that no experiment could prove the decreased latency percentages referred to in the statement. Again, this is the essence of lack of substantiation.

###### (c)    The Statement that the 15µ Gold Components in the PCIe Slot Delivers Triple Performance

The text of this statement is set forth in the webpages cited by Plaintiff and the product packaging. FAC, ¶¶35-41, Exhibits A (product packaging) and B (NEwEgg.com website). Such statement is the following:

---

[5] "LOL" refers to the videogame "League of Legions"; "Diablo 3" refers to the videogame Diablo 3; and "DOTA 2" refers to the videogame "Defense of the Ancients 2."
[6] Moreover, Plaintiff's allegation that it is "impossible" to reduce latency to 136% would also doom his claim under the "reasonable consumer test" since no "reasonable consumer" would justifiably rely on a statement that is physically impossible. *Stanley*, *supra*, 2012 U.S. Dist. LEXIS 47895 at *8.

10

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

Case No. 3:14-cv-01822-CRB
REPLY MEMO IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
6716326-v5\SFODMS

1    15μ Gold Finger

2    This motherboard uses 15 u gold components within the VGA PCIe
     slot for delivering triple performance than usual.

3

4    The analysis of this statement must start with the language actually used, not Plaintiff's

5    characterization and modification of such language referred to in the FAC at ¶¶ 35-43 and Opp.

6    Memo. at 11. This statement expressly states that the 15 μ gold components are used in the PCIe

7    *slot*, which allows the *slot* to deliver "triple performance." Plaintiff ignores such language and

8    cavalierly imposes his interpretation that "triple performance" refers to the speed or graphics quality

9    of whatever *graphics card* the user may decide to use with such slot. *See* FAC ¶41.

10        Paragraphs 35-43 of the FAC demonstrate that the alleged falsity is based on this self-serving

11   interpretation of such language. By basing his allegation of falsity on the assumption that triple

12   performance refers to speed or graphics quality of the *graphics card* he is not claiming that such

13   statement is "positively false" – he is challenging Defendants to prove this statement.

14        In the Opp. Memo. at 12, Plaintiff relies on ¶47 to demonstrate he is alleging "positive

15   falsity." Again, however, such reliance hurts Plaintiff's cause – *read as a whole*, ¶47 states that this

16   statement is false because it cannot be proven by experiment.

17        **(d)    The Statement "Proven By Experiments"**

18        The text of this statement is set forth in the product packaging. FAC ¶44 and Exhibit A. That

19   statement is that the statements that "Killer LAN Boosts Networking Performance 5X" and the

20   "E2200 LAN 'Reduces Latency'" are "Proven by Experiments"

21        As a review of that packaging demonstrates, and as alleged in the Opening Memo. at 12,

22   such statement only applies to two of the advertising statements at issue here, *i.e.*, the "Killer LAN

23   Boosts Networking Performance 5X" statement and the "E2200 LAN Reduces Latency" statement.

24   Plaintiff does not dispute that this statement is so limited.

25        In the Opening Memo. at 12 Defendant explains why the claims relating to this statement are

26   based on a "lack of substantiation" – the allegations of ¶45 expressly state he is pursuing a lack of

27   substantiation claim (it is "…not possible that *any* actual experimentation could *substantiate*

28   Defendants' claims…"); and, Plaintiff does not allege that Defendants did not, in fact, perform such

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

experiments relating to the two Killer LAN statements. In the Opp. Memo. Plaintiff does little, if anything, to address these two arguments.

Allegations that a statement or advertisement lacks scientific evidence, as opposed to demonstrating facts that refute the truth of the statement, is not sufficient. *Bronson I*, 2013 U.S. Dist. LEXIS 54029 at *23. The essence of Plaintiff's FAC is that the motherboard is "not capable of performing as advertised" because it is "not possible that any actual experimentation could substantiate Defendants' claim." FAC ¶¶ 45 & 53. These claims are, on their face, claims for lack of substantiation. *Bronson I,* 2013 U.S. Dist. LEXIS 54029 at *23 ("reliance on a lack of scientific evidence or inconclusive, rather than contradictory, evidence is not sufficient to state a claim.").

### iii.    The Statement "Proven by Experiments" Does Not Permit Plaintiff to Bring a Private Lack of Substantiation Claim

The Court should reject Plaintiff's argument that he is entitled to pursue a lack of substantiation claim because the "proven by experiments" statements puts the product's technical specifications "at issue" and "opened the door for Plaintiff to challenge their veracity." Opp. Memo. at 13. None of the three cases Plaintiff cites support the proposition that Plaintiff has the right to bring a claim based on "lack of substantiation."

- In *McCrary v. Elations Co., LLC*, 2013 U.S. Dist. LEXIS 173592 *24 (C.D. Cal. July 12, 2013) plaintiff alleged an advertisement that a product contained a "clinically proven combination" was false because "no clinical proof exist[ed]" and the product had "never been tested." Notably, the court had previously dismissed challenges to this statement when plaintiff alleged the effectiveness of the combination was false or misleading based of lack of clinical evidence. On this second motion to dismiss, the court held that plaintiff's claim was not based on lack of substantiation because this time plaintiff was alleging that no clinical proof existed when defendants had represented there was such clinical proof (as opposed to the clinical effectiveness of those tests). Here, Plaintiff has not alleged that no experiments were performed as to the two "Killer LAN" statements.

- In *Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 459 (2013) plaintiffs challenged defendant's statements that its vitamin C supplement was "better" then other supplements. Plaintiff

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

alleged: (1) that there was no credible evidence supporting this claim, and (2) a *study* showed the product was not any better than other supplements in the market. *Id.* at p. 460-461. The *Hughes* court specifically noted that although plaintiff's allegation of no credible evidence sounded like a lack of substantiation claim, by virtue of the *study* "plaintiffs do not rest on this claim alone; rather they go several steps further, thereby removing their claims from the lack of substantiation sphere and into the affirmative misrepresentation realm." *Id.* at 459. Unlike in *Hughes*, Plaintiff here has alleged no studies, tests, or other evidence to contradict the two "Killer LAN" statements, and, therefore, is still within the sphere of a lack of substantiation claim.

- And, in *Cabral v. Supple, LLC*, No. 5:12-cv-00085-MWF-OP (C.D. Cal. July 3, 2012) defendant advertised the effectiveness of its beverage product based on clinical trials of a chemical compound that was not an ingredient contained in its beverage. That is, the "positive false" statement was that the beverage contained a compound when, in fact, it did not. Under those specific circumstances, plaintiff's allegation amounted to more than just a claim for lack of substantiation.

## B.   The Fourth Claim for Fraud

In the Opening Memo. at 13, Defendants moved to dismiss the Fourth Claim for fraud under Rule 9(b) for the same reasons that apply to the First, Second and Third Claims. Plaintiff has not directly addressed this aspect of Defendants' motion in his Opp. Memo.

## C.   The Fifth Claim for Breach of Warranty

In the Opening Memo. at 13-14, Defendants set forth two reasons why the Fifth Claim should be dismissed – (i) California's express warranty laws do not apply to a non-California resident who was not harmed in California; that is, the same principles that govern the extraterritorial application of the CLRA, UCL and FAL apply to the Fifth Claim for breach of express warranty; and, (ii) a breach of warranty cannot be based on a theory of lack of substantiation. *Fraker v. Bayer Corp.*, 2009 U.S. Dist. LEXIS 125633 *23-24 (E.D. Cal. Oct. 2, 2009).

As to (i) Plaintiff implicitly acknowledges in the Opp. Memo. at 14 that if the Court rules that the First, Second and Third Claims should be dismissed because the UCL, FAL and CLRA cannot be applied extraterritorially, the Fifth Claim should also be dismissed.

As to (ii) Plaintiff does not dispute that his breach of warranty claim is based on the same

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

1  four statements as the First, Second and Third Claims; and, a lack of substantiation theory cannot

2  support a breach of warranty claim, as held in *Fraker*. Plaintiff's reliance on *Tietsworth v. Sears,*

3  *Roebuck and Co.*, 720 F. Supp. 2d 1123, 1140 (N.D. Cal. 2010) and *Edmunson v. Procter & Gamble*

4  *Co.*, No. 10-cv-2256-NLS, 2011 WL 1897625 is misplaced because those places merely set forth the

5  elements for a breach of warranty claim (*Tietsworth*) and define what constitutes a warranty

6  (*Edmunson*). Neither case addresses the issue of whether a breach of warranty can be based on a lack

7  of substantiation—*Fraker* establishes that it cannot.

8  **D.    The Sixth Claim for Unjust Enrichment**

9            Plaintiff does not dispute that in California there is no stand alone cause of action for unjust

10  enrichment. *Bronson I*, 2013 U.S. Dist. LEXIS 54029 at *23. *See also, Gustavson v. Wrigley Sales*

11  *Co.*, 961 F. Supp. 2d 1100, 1132 (N.D. Cal. 2013) (cited by Plaintiff in the Opp. Memo. at 9).

12  Plaintiff also does not dispute that (i) the Sixth Claim for unjust enrichment is based on fraud; and,

13  (ii) such claim must therefore meet the requirements of Rule 9(b). As set forth in the Opening

14  Memo. at 14, and in this Reply Memo. at 1-4, *supra* (and Plaintiff's arguments in the Opp. Memo. at

15  14-15 notwithstanding), Plaintiff has not met the requirements of Rule 9(b) because, among other

16  things, he fails to allege with specificity the role of each Defendant, the facts on which he basis his

17  "information and belief" that any defendant was responsible for any of the four advertising

18  statements on the websites and product packaging; and, that such facts are exclusively within the

19  knowledge of Defendants and that Plaintiff, through reasonable investigation, cannot determine

20  them.

21            In the Opening Memo. at 14:21 to 15:4 Defendants point out that Plaintiff's Sixth Claim is

22  not, and cannot be, based on a theory of quasi-contract because, in light of the allegation that he

23  purchased his motherboard from NewEgg.com, there is no quasi-contract relationship between

24  Plaintiff and Defendants. Plaintiff's two arguments in the Opp. Memo. at 15:6-22, appear to be

25  directed to whether the Sixth Claim sets forth a claim for unjust enrichment under a quasi-contract

26  theory. Both arguments should be rejected by the Court.

27            •       Plaintiff's reliance on the conclusory allegations of ¶126 is misplaced because such

28  reliance runs counter to the rule that in the context of a Rule 12(b)(6) motion specific allegations

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

1    control over a conclusory, general ones. *Harbridge v. Schwarzenegger,* No. CV 07-4486-GW(SH),

2    2011 U.S. Dist. LEXIS 150789 *24 (C.D. Cal. Aug. 31, 2011), citing *Jackson v. Marion County*, 66

3    F.3d 151, 153 (7th Cir. 1995) ("allegations in a complaint are binding and a plaintiff can plead

4    himself out of court by pleading facts that undermine the allegations set forth in the complaint")

5    Here, in ¶49 Plaintiff specifically alleges he purchased his motherboard online from NewEgg.com,

6    which is not one of the Defendants. His conclusory allegation to the contrary in ¶126 therefore has

7    no weight.

8         •    Plaintiff's reliance on the three cases in the Opp. Memo. at 15:11-22[7] is also

9    misplaced. As an initial matter, each of these cases was decided before California courts held that

10   unjust enrichment is not a cause of action. *See, e.g., Durell v. Sharp Healthcare*, 183 Cal. App. 4th

11   1350, 1370 (2010); *Gustavson*, *supra*, 961 F. Supp. 2d at 1132. Moreover, none of those cases

12   addresses the issue of what constitutes a quasi-contractual relationship. Rather, these cases address

13   unjust enrichment in the context of claims that sound in fraud. In those cases a plaintiff may well be

14   able to obtain an unjust enrichment remedy from a defendant in which there was no privity.

15   However, such a plaintiff must first meet the requirements of Rule 9(b) which Plaintiff has not done

16   here. Stated differently, Plaintiff's Sixth Claim is based on fraud; it is not based on quasi-contract

17   because his allegations demonstrate there is no quasi-contractual relationship between Plaintiff and

18   Defendants.

19                           **II.    <u>CONCLUSION</u>**

20        Defendants' motion to dismiss should be granted, with prejudice and without further leave to

21   amend.

22   Dated:  August 7, 2014                **BAKER & McKENZIE LLP**

23                                          By: _/s/ Tod L. Gamlen_____
                                               Tod L. Gamlen
24                                             Attorneys for Defendants
                                               PEGATRON USA, INC., ASROCK
25                                             AMERICA, INC., and FATALITY, INC., d/b/a
                                               FATAL1TY, INC.
26

27   _____
     [7] *County of San Bernardino v. Walsh*, 158 Cal. App. 4th 533, 542 (2007); *Wolk v. Green*, 516 F.
28   Supp. 2d 1121, 1133 (N.D. Cal. 2007); and, *Process Specialties, Inc. v. Sematech, Inc.*, No. 00-cv-
     414 FCD PAN, 2001 U.S. Dist. LEXIS 26261 (E.D. Cal. Nov. 8, 2001).

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

15

Case No.  3:14-cv-01822-CRB
REPLY MEMO IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
6716326-v5\SFODMS