1  Tod L. Gamlen, State Bar No. 83458
   tod.gamlen@bakermckenzie.com
2  **BAKER & McKENZIE LLP**
   660 Hansen Way
3  Palo Alto, CA  94304
   Telephone: +1 650 856 2400
4  Facsimile:  +1 650 856 9299

5  Teresa H. Michaud, State Bar No. 296329
   teresa.michaud@bakermckenzie.com
6  Christina M. Wong, State Bar No. 288171
   christina.wong@bakermckenzie.com
7  **BAKER & McKENZIE LLP**
   Two Embarcadero Center, 11th Floor
8  San Francisco, CA 94111-3802
   Telephone: +1 415 576 3022
9  Facsimile:  +1 415 576 3099

10 Mark D. Taylor (Admitted *Pro Hac Vice*)
   mark.taylor@bakermckenzie.com
11 **BAKER & McKENZIE LLP**
   2300 Trammell Crow Center
12 2001 Ross Avenue
   Dallas, TX  75201
13 Telephone: +1 214 978 3000
   Facsimile:  +1 214 978 3099

14
   Attorneys for Defendants
15 PEGATRON USA, INC., ASROCK AMERICA,
   INC., and FATALITY, INC., d/b/a FATAL1TY,
16 INC.

17                UNITED STATES DISTRICT COURT

18                NORTHERN DISTRICT OF CALIFORNIA

19                    SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSHUA SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEGATRON USA, INC., a California corporation, ASROCK AMERICA, INC., a California corporation, and FATALITY, INC., d/b/a Fatal1ty, Inc., a Missouri corporation,<br><br>Defendants. | Case No.  3:14-cv-01822-CRB<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE**<br><br>Date:     August 22, 2014<br>Time:    10:00 a.m.<br>Courtroom: 6, 17th Floor<br>Before:   The Hon. Charles R. Breyer |

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

6716531-v2\SFODMS

Case No. 3:14-cv-01822-CRB
DEFENDANTS' REPLY TO PLTF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

Defendants Pegatron USA, Inc. ("Pegatron USA"), ASRock America, Inc. ("ASRock America") and Fatal1ty, Inc. ("Fatal1ty") (collectively, "Defendants") reply as follows to the opposition filed by Plaintiff (ECF No. 39) ("RJN Opp.") to Defendants' Request for Judicial Notice (ECF No. 37) ("RJN"). In the RJN Defendants are requesting the Court to take judicial notice of pages from two websites, both of which websites are referenced in Plaintiff's First Amended Complaint ("FAC"): (1) the www.asrock.com website, specifically at http://www.asrock.com/index.asp, and http://www.asrock.com/genera/about.asp ("ASRock Pages"), attached as **EXHIBIT 1** to the RJN, and (2) the Qualcomm website, at http://www.qca.qualcomm.com/products/killer-technology ("Qualcomm Page"), attached as **EXHIBIT 2** to the RJN.

## I. ARGUMENT

In addressing Defendants' RJN the Court should keep in mind the following two initial points:

(1) Plaintiff does not oppose Defendants' RJN with respect to the Qualcomm Page (**EXHIBIT 2**).[1] For this reason, the Court should grand the RJN as to the Qualcomm Page (**EXHIBIT 2**).

(2) As to the ASRock Pages (**EXHIBIT 1**), such webpages are being offered for a limited purpose -- to underscore the need for Plaintiff to comply with Rule 9(b), including whether Plaintiff should be granted leave to amend. **EXHIBIT 1** indicates that it is at least *possible* (if not likely) that the www.asrock.com website on which Plaintiff so heavily relies is not even owned or hosted by any of the Defendants. As such, the ASRock Pages are relevant to Defendants' position as to why Plaintiff should comply with Rule 9(b) in alleging specific facts as to the role of each Defendant, facts on which support Plaintiff's "information and belief" that any of the Defendants

---

[1] Although Plaintiff does not oppose consideration of **EXHIBIT 2**, the Qualcomm Webpage, it is worth noting that his claim that the website is not "referenced by or relied upon by" the FAC is wrong and mischaracterizes the allegations of his FAC. Plaintiff explicitly references Qualcomm's website as evidence that statements regarding the Killer LAN feature are somehow false and misleading. *See* FAC ¶22 n. 7, 24 n. 9, & 24 n. 10. Specifically, Plaintiff alleges in the FAC: "**nowhere** does Qualcomm state that the E2200 quintuples network performance," citing to Qualcomm's website (https://www.qca.qualcomm.com/products/killer-technology/solutions/). By alleging such statements are "nowhere" on Qualcomm's site, Plaintiff *necessarily* relies on the contents of the website as proof of his claims.

1

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

6716531-v2\SFODMS

was involved in making any of the four advertising statements at issue and which allegedly appear on the www.asrock.com website, and why facts relating to such issues are purportedly exclusively within Defendants' possession and cannot be known by Plaintiff. Defendants are not requesting the Court to make any factual finding in connection with the Rule 12(b)(6) motions as to which entity actually owns or hosts the website at www.asrock.com; and, Defendants are not requesting judicial notice in order for the Court to make such a finding.

A. **Plaintiff's Arguments Notwithstanding, the FAC Does Incorporate the ASRock Pages by Reference**

Contrary to Plaintiff's contention in his RJN Opp. at 2-3, this Court may take judicial notice of a website to which a plaintiff "refers extensively" or "forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (the court may consider a document plaintiff "refers to extensively" or that "forms the basis of plaintiff's claim"); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation by reference rule applies "with equal force to internet pages as it does to printed material."). By arguing that the Court is to ignore the ASRock Pages Plaintiff is asking the Court to accept select portions of the website he refers to and relies upon in his FAC, while omitting and ignoring portions that contradict his theory. This is exactly the type of omission the law seeks to prevent. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("Just as a reader must absorb a printed statement in the context of the media in which it appears, a computer user necessarily views web pages in the context of the links through which the user accessed those pages."); *In re Copper Mountain Securities Litigation*, 311 F. Supp. 2d 857, 865 (N.D. Cal. 2004) (in a motion to dismiss, the court may examine a document in full when a plaintiff includes incomplete or partial quotes); *see also Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1131 (N.D. Cal. 2010) (plaintiffs allegation that representations about a machine's performance were in "written materials, including the owner's manual" allowed the court to properly consider the terms of a one-year limited warranty in those materials).

The FAC refers extensively to the asrock.com website in that it refers to six pages that all fall under the www.asrock.com domain:

- www.asrock.com/microsite/Fatal1tyKiller/ (FAC ¶ 18);

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

6716531-v2\SFODMS

- www.asrock.com/mb/Intel/Fatal1ty Z87 Killer/ (FAC ¶ 18);
- www.asrock.com (FAC ¶¶26, 27);
- http://www.asrock.com/microsite/pcie3/overview.html (FAC ¶38);
- http://www.asrock.com/microsite/fatal1ty/products.html (FAC ¶ 49); and
- http://www.asrock.com/general/buy.us.asp (FAC ¶ 49).

To access these sites, a visitor would go though the main page, www.asrock.com, which merely redirects U.S. visitors to www.asrock.com/index.asp--the very page Defendants offer in their request for judicial notice[2]. What is more, among the various pages Plaintiff relies on in the FAC, he cites specifically to www.asrock.com (¶¶26, 27). Thus, unlike *Fraley*, Plaintiff or his counsel would necessarily see ASRock Page when he visited www.asrock.com, and in order to get to the other 5 specific pages he references in the FAC. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (when plaintiffs referenced a photograph on a webpage in their complaint, the court took notice of other webpages that must have been viewed in order to get to that photograph). These considerations are relevant to Defendants' Rule 9(b) motions because they evidence that Plaintiff and his counsel have access to numerous facts which bear on the claims that are subject to Rule (9)(b)'s requirements.

Plaintiff's reliance on *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 794 (N.D. Cal. 2011) for the contention that the ASRock Pages may not be considered by this Court because they are not incorporated by reference is misplaced. Unlike the defendants in *Fraley*, Defendants are not asking the Court to take judicial notice of the webpage to establish facts for purposes of the Defendants' Rule 12(b)(6) motions; rather, Defendants are asking the Court to consider the ASRock Pages to underscore the need to comply with Rule 9(b).

Plaintiff's contention that a court may grant an RJN as to a webpage *only* when there is no opposition to the request is not supportable. Requests for judicial notice are governed by Fed. R. Evid. 201. Under Rule 201(b) a judicial noticed fact is one not subject to *reasonable dispute* in that it

---

[2] The webpage www.asrock.com requires visitors to choose their region by country in order to enter the site. It is reasonable to believe that Plaintiff selected the United States, in light of the fact that all the pages he references under www.asrock.com domain are part of the United States portion of the site and read in English.

3

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

6716531-v2\SFODMS

Case No. 3:14-cv-01822-CRB
DEFENDANTS' REPLY TO PLTF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

is generally known within the trial court's territorial jurisdiction, or, can be accurately and readily determined from sources whose accuracy cannot presumably be questioned. And while there are several cases, decided in the context of a Rule 12(b)(6), motion that hold that a Court may grant judicial notice if there is no opposition, such cases should not be read to hold that a request for judicial notice *must* be denied when one party chooses to oppose the request. If such were the case, Fed. R. Evid. 201(e), which allows for hearings on requests for judicial notices, would have no meaning. Rather, if a party opposes an RJN, the Court should merely determine whether the requirements of Rule 201(b) have been met, that is, whether the judicially noticed fact is not subject to a *reasonable dispute* in that it is either generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.

B. **Plaintiff's Arguments Regarding "Authenticity" Should be Rejected**

In the RJN Opp. at 4:14-5:11 Plaintiff contents the Court should not take judicial notice of **EXHIBIT 1** because Plaintiff disputes the "authenticity" of such exhibit. Such an argument is unfounded and confuses the requirements of *authenticity* with concepts of *relevance*. To satisfy the requirement of authenticating an item of evidence the proponent merely needs to produce evidence to support a finding that the item is what the proponent claims it is. Fed. R. Evid. 901(a). In the Declaration of Tod L. Gamlen attached to the RJN Defendants set forth facts which authenticate **EXHIBIT 1**, *i.e.*, evidence which is sufficient to support a finding that **EXHIBIT 1** are pages in from the www.asrock.com website that were accessed on July 16, 2014. *See Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp. 2d 1146, 1154-1155 (C.D. Cal. 2002). There could be no reasonable dispute that the website is authentic and Plaintiff does not provide any evidence or argument that **EXHIBIT 1** does not, in fact, constitute pages from the www.asrock.com website as of July 16, 2014.

Plaintiff's arguments rather seem to be directed to whether pages from the www.asrock.com website from July 16, 2014 are relevant to any of the issues in the present motion. As set forth above, such pages are relevant to Defendants' motion under Rule 9(b) because, at a minimum, they at least indicate that the www.asrock.com website on which Plaintiff so heavily relies, and which is

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

6716531-v2\SFODMS

Case No. 3:14-cv-01822-CRB
DEFENDANTS' REPLY TO PLTF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

apparently at least one source of the four advertising statements at issue, it is not owned or hosted by any of the Defendants. This consideration underscores the need for Plaintiff to comply with Rule 9(b) by providing specific facts as to the role of each Defendant, the facts on which Plaintiff bases his "information and belief" that any of the Defendants were involved in making any of the four advertising statement at issue, and whether the facts Plaintiff needs to comply with Rule 9(b) are exclusively within Defendants' control and that Plaintiff cannot know them.

## II. CONCLUSION

Defendants respectfully request this Court take judicial notice of the ASRock Pages, attached as **EXHIBIT 1** to Defendant's Request for Judicial Notice. Further, because Plaintiff does not oppose Defendants' request for judicial notice of the Qualcomm website, this Court may take judicial notice of **EXHIBIT 2** to Defendant's Request for Judicial Notice.

Dated: August 7, 2014

**BAKER & McKENZIE LLP**

By: /s/ Tod L. Gamlen
Tod L. Gamlen
Attorneys for Defendants
PEGATRON USA, INC., ASROCK AMERICA, INC., and FATALITY, INC., d/b/a FATAL1TY, INC.

5

Case No. 3:14-cv-01822-CRB
DEFENDANTS' REPLY TO PLTF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

6716531-v2\SFODMS