Mark S. Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin S. Thomassen (Admitted *Pro Hac Vice*)
bthomassen@edelson.com
Amir Missaghi (Admitted *Pro Hac Vice*)
amissaghi@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Attorneys for Plaintiff
JOSHUA SMITH

Tod L. Gamlen, State Bar No. 83458
tod.gamlen@bakermckenzie.com
**BAKER & McKENZIE LLP**
660 Hansen Way
Palo Alto, CA 94304
Telephone: +1 650 856 2400
Facsimile: +1 650 856 9299

Teresa H. Michaud, State Bar No. 296329
teresa.michaud@bakermckenzie.com
Christina M. Wong, State Bar No. 288171
christina.wong@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Telephone: +1 415 576 3022
Facsimile: +1 415 576 3099

Mark D. Taylor (Admitted *Pro Hac Vice*)
mark.taylor@bakermckenzie.com
**BAKER & McKENZIE LLP**
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201
Telephone: +1 214 978 3000
Facsimile: +1 214 978 3099

Attorneys for Defendants
PEGATRON USA, INC., ASROCK AMERICA, INC., and FATALITY, INC., d/b/a FATAL1TY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JOSHUA SMITH, individually and on behalf of all others similarly situated,

Plaintiff,

v.

PEGATRON USA, INC., a California corporation, ASROCK AMERICA, INC., a California corporation, and FATALITY, INC., d/b/a Fatal1ty, Inc., a Missouri corporation,

Defendants.

Case No. 3:14-cv-01822-CRB

Hon. Charles R. Breyer

**JOINT CASE MANAGEMENT STATEMENT**

First Amended Complaint Filed: July 3, 2014

Pursuant to Fed. R. Civ. P. 26, Local Rule 16–9 and the Standing Order for all Judges of the Northern District of California, Plaintiff Joshua Smith ("Plaintiff") and Defendants Pegatron USA, Inc. ("Pegatron USA"), ASRock America, Inc. ("ASRock America"), and Fatality, Inc., d/b/a Fatal1ty, Inc., ("Fatal1ty") (collectively, "Defendants," and collectively with Plaintiff, the "Parties"), hereby jointly submit the following Case Management Statement.

## I. JURISDICTION AND SERVICE

Plaintiff alleges that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the alleged amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action. Defendants deny that both Plaintiff and the purported class he seeks to represent have been damaged in the amount of $5,000,000 or in any amount or at all and reserve all rights as to subject matter jurisdiction. The currently named Defendants have been served and no issues exist with respect to personal jurisdiction or venue as to the currently named Defendants.

## II. FACTS

**A. Plaintiff's Position:** Together, Defendants develop, manufacture, market, and sell (or cause to be sold) a line of motherboards to consumers—specifically, "a range of motherboards specifically designed for PC gaming enthusiasts" under the "ASRock Fatal1ty" name. This case centers on aspects of Defendants' marketing, which specifically misrepresents the technical capabilities of the subject ASRock Fatal1ty motherboards. Namely, Defendants make representations that their products can increase network speeds and performance "5X" on consumers' PCs, reduce latency in online games by up to "136%," "triple" a user's graphics card's performance, and that all these representations were "proven by experiments." However, Defendants' promises are greater than the sum of their parts: *none* of these representations can be obtained by the ASRock Fatal1ty motherboards sold by Defendants. Had Defendants' customers—including Plaintiff—known that Defendants' advertising was not true, they would not have purchased the products or, at the very least, would have paid less money for them.

**B. Defendants' Position:** Each of the claims in this action arise out of four (4)

advertising statements that were used for a short period of time in connection with four (4) models of the ASRock Fatal1ty line of motherboards. Such advertising statements appeared either on the product packaging of the motherboard or on certain website pages hosted by third parties. None of the three named Defendants -- Pegatron USA, ASRock America or Fatal1ty -- played any role in the design, development, or production of the motherboards and played no role in the four advertising statements at issue. At all times the ASRock Fatal1ty motherboards were designed, developed, and produced by non-party ASRock, Inc., a Taiwanese corporation located in Taiwan. Nevertheless, Defendants dispute that any of the four advertising statements were false or misleading, and reserve all rights to raise defenses in regard to the statements. Notably, the advertising statements were used for only a short period of time and the number of the subject ASRock Fatal1ty motherboards sold to third party distributors in the United States is small, amounting to less than 13,000; the number sold by those third party distributors to customers is unknown, but is presumably much less.

## III. LEGAL ISSUES

The legal issues in this case include, but are not limited to:

1. The role (if any) that any of the currently named Defendants – Pegatron USA, ASRock America or Fatal1ty -- played in the creation or development of the four advertising statements at issue or the underlying motherboards to which they relate and whether, based on that role, said Defendants can be held liable as Plaintiff alleges.
2. Whether Defendants intentionally misrepresented the features of the ASRock Fatal1ty line of motherboards, and the nature of that misrepresentation (e.g., whether it was material);
3. Whether Defendants' conduct was willful;
4. Whether Defendants' conduct constitutes a violation of California's Consumers Legal Remedies Act (Cal. Civ. Code. §§ 1750, *et seq.*); Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*); False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*);
5. Whether Defendants' conduct constitutes fraud in the inducement; breach of express warranties; and whether Defendants have been unjustly enriched;
6. Whether this action is suitable for class action treatment under Fed. R. Civ. P. 23.
7. Whether any actions taken by Defendants caused damage to Plaintiff or any member of the

putative class: and, the measures and/or method(s) to calculate such purported damages.

## IV. MOTIONS

To date, Defendants have filed two motions to dismiss under Rule 12(b)(6)—one in response to Plaintiff's original complaint, (Dkt. 29), and one in response to Plaintiff's First Amended Complaint, (Dkt. 36). The Court denied Defendants' second motion to dismiss on September 23, 2014. (Dkt. 42.) No other substantive motions have been filed.

Plaintiff anticipates filing the following motions in this action: (i) a motion for class certification; (ii) a motion for summary judgment; and (iii) discovery-related motions, if necessary.

Defendants anticipate opposing the motions referred to above and anticipate filing the following additional motions in this action: (i) motion(s) for summary judgment and/or partial summary judgment; (ii) discovery related motions , including motions for protective orders to limit the scope of discovery that can be taken of the three named Defendants; and (iii) any necessary *Daubert* motion to strike class certification or substantive experts.

## V. AMENDMENT OF PLEADINGS

**A. Plaintiff's Position:** At this time, Plaintiff does not anticipate that any additional amendments of the pleadings will be necessary. However, information obtained through discovery may necessitate amendments in the future. If information demonstrates that ASRock, Inc. is a necessary party to this case, then Plaintiff will, of course, amend. Likewise, Plaintiff has invited Defendants to demonstrate their lack of involvement in the advertising statements at issue (as he did before the First Amended Complaint was filed in this matter). And if such information demonstrates that one or more Defendants do not belong in this case, then Plaintiff will amend. But there is no need to stay or otherwise delay this case—amended pleadings (if any) should be filed in accordance with the proposed schedule of discovery and general case deadlines set forth in Section XVII below.

**B. Defendants' Position:** The currently named Defendants maintain that it was non-party ASRock, Inc. -- not Defendants -- that designed, developed and produced the motherboards at issue in this case, created the advertising statements at issue, placed the advertising on the product packaging, and hosted and owned the website on which the statements appeared. Plaintiff has been made aware of these facts in writing and at the parties' Rule 26(f) conference. Defendants believe

that Plaintiff should be given a date certain to add ASRock, Inc. as a defendant and if he does not do so, Plaintiff should be precluded from doing so in this action. And, that the further scheduling in this case should be postponed until such date.

**VI. EVIDENCE PRESERVATION**

The Parties have conferred with their respective counsel about the need to preserve evidence that may be relevant to Plaintiff's claims or Defendants' defenses, including the preservation of electronically stored information. The parties have taken such steps as necessary under the Federal Rules and Local Civil Rules to preserve evidence and put a litigation hold on relevant documents, including electronically stored information and material, including electronic data (e.g., emails, voicemails, and other electronically recorded material). In the event that any issue arises as to evidence preservation, the parties shall meet and confer; and, if necessary, seek Court assistance.

**VII. DISCLOSURES**

The Parties will exchange their respective Rule 26(a)(1) disclosures by October 31, 2014.

**VIII. DISCOVERY**

**A. Scope of Discovery**

**1. Plaintiff's Position:** Plaintiff anticipates propounding discovery on the following non-exhaustive list of topics: (1) information related to the design, manufacturing, "experiments" conducted with respect to the ASRock Fatal1ty line of motherboards, including each Defendant's role in those processes; (2) information related to the design, distribution, and use of advertisements for the ASRock Fatal1ty line of motherboards, including each Defendant's role in those processes; (3) information concerning sales and/or distribution of the ASRock Fatal1ty line of motherboards in the United States, and all monies derived therefrom; and (4) information concerning Defendants' relationship and communications with members of the putative class (e.g., complaints received, etc.).

**2. Defendants' Position:** If Plaintiff intends to pursue the discovery referred to above, particularly (1) and (2), ASRock, Inc., should be added as a defendant. Unless and until ASRock, Inc., is added as a Defendant, discovery should be limited to the role, or lack thereof, of each of the named Defendants in the design, manufacturing, "experiments"/testing of the ASRock Fatal1ty motherboards at issue and/or the named Defendants' role, or lack thereof, in the design, distribution

and use of the four advertising statements at issue.

Defendant intends to take discovery of Plaintiff and other discovery related to class certification issues.

**B. Phased Discovery:**

**1. Plaintiff's Position:** Plaintiff believes that the phasing of discovery is unnecessary in this matter beyond the proposed schedule set forth in Section XVII below. If Defendants produce evidence demonstrating that all or some of them played a limited (or no) role with respect to the subject motherboards, then Plaintiff will seek to amend and conduct discovery accordingly. But there's no need to "phase" discovery as Defendants suggest, as the topics Plaintiff proposes for discovery in this matter are undeniably relevant to his claims (and if Defendants have nothing to produce, for example, then responding will be a trivial matter). And if the case is truly "small," as Defendants suggest above, then Plaintiff believes that focusing on a potential resolution of this matter is a more efficient use of time than creating additional and drawn-out "phases" of discovery.

**2. Defendants' Position**: Defendants maintain that unless and until ASRock, Inc., is named as a defendant discovery should be limited, or "phased" as follows: **Phase 1** -- Discovery should be limited to the role, or lack thereof, of each of the named Defendants in the design, manufacturing, "experiments"/testing of the ASRock Fatal1ty motherboards at issue and/or the named Defendants' role, or lack thereof, in the design, distribution and use of the four advertising statements at issue. **Phase 2** -- Only if discovery in Phase 1 produces evidence that any of the named defendants played any role as described above, should Plaintiff be allowed to take any further discovery, including discovery relating to class certification.

**C. Form of Electronic Discovery and Claims of Privilege:** The Parties are still in discussions, including concerning the crafting an appropriate stipulation (or stipulations), subject to the Court's approval, governing: (1) the identification of relevant and discoverable ESI; (2) the scope of discoverable ESI to be preserved and produced by the Parties; (3) the formats for preservation and production of ESI; (4) the protection of confidential and proprietary information; (5) the procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Evidence; and (6) any other relevant ESI issues

that may arise in this case.

**IX. CLASS ACTIONS**

**A. Plaintiff's Position:** Plaintiff seeks class certification pursuant to Fed. R. Civ. P. 23(b)(3) of a class of similarly situated individuals and entities, defined as: "All individuals and entities in the United States that purchased an ASRock Fatal1ty Z87 Killer, 990FX Killer, B85 Killer, or FM2A88X+ Killer motherboard."

The proposed Class satisfies each of the requisites to class certification under Rule 23(b)(3). In particular, the Class consists of likely thousands of individuals, making joinder of all members impracticable (numerosity). There are many questions of law and fact common to Plaintiff's claims and those of the other members of the Class, which predominate over any questions that may affect only individual Class members (commonality and predominance). To that end, Plaintiff refers to the briefing on Defendants' second motion to dismiss. There, Plaintiff detailed the many connections this matter has to the state of California, which justify the extraterritorial application of California law. Likewise, Defendants' representations were made on the motherboards' product packaging (to which the entire class was necessarily exposed) and utilized promises that were objectively false. Under such facts, questions of individual reliance are no barrier to certification, and resolution of whether Defendants' uniform conduct was material and misleading will be resolved on an objective basis—making this case eminently suitable for class-wide adjudication. Accordingly, Plaintiff's claims are also typical of the claims of all of the other members of the Class, inasmuch as Plaintiff and the Class sustained damages as a result of Defendants' uniform wrongful conduct in disseminating false advertisements and misleading marketing materials to Plaintiff and the Class (typicality); and Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class, and has retained counsel competent and experienced in complex class actions involving issues of nation-wide consumer fraud (adequacy of representation).

Similarly, class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. That is, the damages suffered by individual Class members (i.e., around $100 - $200 each) will be relatively small compared to the burden and expense of individual prosecutions. Even if members of the Class could sustain such individual litigation, it

would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties, as well as the likelihood of the imposition of inconsistent obligations. Moreover, Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final restitutionary relief with respect to the Class as a whole.

**B. Defendants' Position:** Based on the facts currently available to them, Defendants contend that this action cannot properly be certified as a class action. Most importantly, questions of law and fact affecting individual putative class members will predominate over any questions that may affect the entire putative class. Extraterritorial application of California law to Plaintiff's claims is improper for a variety of reasons, including that Plaintiff is not a resident of California and did not purchase his motherboard in California, many members of the nationwide putative class that he purports to represent reside throughout the United States and have no connection to California whatsoever, and the advertising statements at issue did not emanate from California or any of the currently named Defendants. Plaintiff's purported class action necessarily invokes the application of a number of different states' consumer and advertising laws making the case unsuitable for class action treatment. In addition, this case would require a separate inquiry into the facts relating to each putative class member, including, but not limited to, whether individual customers saw the advertisements at issue, which advertisements customers saw, whether the customers relied on such advertisements, whether and how the individual customers used the motherboards at issue, and the specific levels of performance each customer was able to achieve. Notably, each of the products at issue is merely one component of a personal computer system which must be connected and configured with other components in order to build a working system. The configuration will most certainly vary by the individual system into which the motherboard is built, and thereby vary by class member. Thus, Plaintiff's claims relating to the performance he personally achieved would not be the same as that of the other members of the putative class. Furthermore, because of the uncommon questions of law and fact among putative class members, as well as their atypical claims, each class member, including Plaintiff, may be subject to individual defenses that differ from the remaining members of the class. Thus, Plaintiff cannot fairly and adequately represent and protect the interests of the other members of the putative class. Defendants hereby reserve any and all rights

they may have to assert other objections and defenses to class certification in this action.

## X. RELATED CASES

The Parties are unaware of any related cases at this time.

## XI. RELIEF SOUGHT

**A. Plaintiff's Position:** Plaintiff respectfully requests that the Court enter an Order (or Orders): (i) certifying this case as a class action on behalf of the Class defined above, appointing Joshua Smith as representative of the Class, and appointing his counsel as class counsel; (ii) declaring that Defendants' actions, as set out above, violate the CLRA (Cal. Civ. Code §§ 1750, *et seq.*), the UCL (Cal. Bus. & Prof. Code §§ 17200 *et seq.*), and the FAL (Cal. Bus. & Prof. Code §§ 17500, *et seq.*), and constitute fraud in the inducement, breach of express warranties, and unjust enrichment; (iii) awarding damages (i.e., in the amount Plaintiff and other consumers like him paid for Defendants' motherboards), including statutory and punitive damages where applicable, to Plaintiff and the Class in an amount to be determined at trial; (iv) awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees; (v) awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; (vi) awarding such other injunctive and declaratory relief as is necessary to protect the interests of Plaintiff and the Class; and (vii) awarding such other and further relief as the Court deems reasonable and just.

**B. Defendants' Position:** Defendants maintain that (i) this action cannot properly be certified as a class action; and, (ii) neither Plaintiff nor the putative class is entitled to any relief against any of the named Defendants

## XII. SETTLEMENT AND ADR

Counsel for the parties have engaged in some preliminary settlement discussions as part of the Rule 26(f) conference. Given the size of the case it is anticipated that the parties will pursue further discussions and will likely engage a mediator to assist in this regard.

## XIII. CONSENT TO MAGISTRATE JUDGE

The Parties do not consent to proceed before a Magistrate Judge at this time.

## XIV. OTHER REFERENCES

At this time, the Parties do not believe that this case is suitable for reference to binding

arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

**A. Plaintiff Position.** At this time, and as described above, Plaintiff contends that there are not any issues that can be narrowed by agreement or by motion, and does not presently request bifurcation of issues, claims, or defenses.

**B. Defendants' Position.** Defendants contend that, unless and until ASRock, Inc., is added as a defendant, the issue of their role, or lack thereof, in the design, manufacturing, "experiments"/testing of the ASRock Fatal1ty motherboards at issue and/or their role, or lack thereof, in the design, distribution and use of the four advertising statements at issue should be determined. Defendants contend they had no such role and should not have to incur the expense of discovery addressing issues in which they played no role.

## XVI. EXPEDITED SCHEDULE

**A. Plaintiff's Position:** Plaintiff believes that the proposed schedule set forth in the table below should be adopted by the Court.

**B. Defendants' Position:** Defendants contend that the Court should not set a schedule unless and until ASRock, Inc., is added as a defendant; or, until such time as Plaintiff is precluded from adding ASRock, Inc. as a defendant. In the event that the Court does decide to set a schedule at this time, the proposed schedule set forth below should be adopted by the Court.

## XVII. SCHEDULING

| EVENT | PROPOSED DEADLINES |
|---|---|
| *Deadline to file motions to join parties or amend pleadings* | January 30, 2015 |
| *Plaintiff to serve disclosures pursuant to Fed. R. Civ. P. 26(a)(2) relating to class certification* | February 27, 2015 |
| *Defendants to serve disclosures of rebuttal expert witnesses and reports relating to class certification* | April 30, 2015 |
| *Defendants' deadline to depose Plaintiff's experts and the Parties' other witnesses related to class certification* | May 7, 2015 |
| *Plaintiff's deadline to depose rebuttal experts related to class certification* | June 8, 2015 |
| *Plaintiff to file motion and memorandum in support of class certification* | July 9, 2015 |

| *Defendants to file opposition to class certification and all supporting materials* | August 10, 2015 |
|---|---|
| *Plaintiff to file reply in support of motion for class certification* | August 24, 2015 |
| *Hearing on motion for class certification* | At the Court's convenience. |
| *Fact discovery cut-off* | 90 days following the Court's ruling on Plaintiff's motion for class certification |
| *Plaintiff to serve disclosures pursuant to Fed. R. Civ. P. 26(a)(2) related to merits issues* | 30 days prior to fact discovery cut-off |
| *Defendants to disclose rebuttal expert witnesses related to merits issues* | 45 days following Plaintiff's expert disclosures related to merits issues |
| *Defendants to depose Plaintiff's experts related to merits issues* | 45 days following Plaintiff's expert disclosures related to merits issues |
| *Plaintiff to depose Defendants' rebuttal expert witnesses related to merits issues* | 45 days following Defendants' disclosures of rebuttal experts related to merits issues |
| *Expert discovery cut-off* | 45 days following Defendants' disclosures of rebuttal experts related to merits issues |
| *File dispositive pretrial motions and Daubert motions* | 45 days following the close of expert discovery |
| *File oppositions to dispositive pretrial motions and Daubert motions* | 30 days following filing of any dispositive pretrial motions or Daubert motions |
| *File reply briefs in support of dispositive pretrial motions and Daubert motions* | 14 days following filing of any opposition to dispositive pretrial motions or Daubert motions |
| *Hearing on dispositive pretrial motions and Daubert motions* | At the Court's convenience |
| *Pretrial conference* | TBD |
| *Motion in limine hearing date* | TBD |
| *Trial to begin* | TBD |

## XVIII. TRIAL

Plaintiff has requested a trial by jury of all matters that can be so tried. Plaintiff anticipates that a trial in this matter will require approximately eight Court days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

On April 23, 2014, Plaintiff's counsel filed their certificate of interested entities or persons. (Dkt. 6.) On May 15, 2014, Defendants ASRock and Pegatron filed their certificate of interested entities or persons. (Dkt. 20.)

## XX. OTHER MATTERS

At this time, the Parties are unaware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this action.

*     *     *

Respectfully submitted,

Dated: October 31, 2014

BAKER & McKENZIE LLP

By: /s/ Tod L. Gamlen

Tod L. Gamlen
tod.gamlen@bakermckenzie.com
BAKER & McKENZIE LLP
660 Hansen Way
Palo Alto, CA 94304
Telephone:+1 650 856 2400

Attorneys for Defendant PEGATRON USA, INC., ASROCK AMERICA, INC., and FATALITY, INC., d/b/a FATAL1TY, INC..

Dated: October 31, 2014

EDELSON PC

By: /s/ Benjamin Scott Thomassen

Benjamin S. Thomassen (Admitted Pro Hac Vice)
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Attorneys for Plaintiff JOSHUA SMITH

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5.1(i)(3), I hereby attest that concurrence has been obtained in the filing of this document from each of the other signatories shown above.

Dated: October 31, 2014

By: /s/ Benjamin S. Thomassen